**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH PADGETT; DARLA PADGETT, *Plaintiffs-Appellees*, <br><br> v. <br><br> BRIAN LOVENTHAL; A. CURTIS WRIGHT; BARBARA NESBET; ERIN GARNER; MARK BRODSKY; DAVID BAXTER, <br> *Defendants-Appellants*, <br><br> and <br><br> LISA M. RICE, <br> *Defendant*. | No. 10-16533 <br><br> D.C. No. 5:04-cv-03946-JW <br><br><br> OPINION |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted
December 5, 2012—San Francisco, California

Filed February 11, 2013

Before: Alex Kozinski, Chief Judge, Michael Daly
Hawkins and Mary H. Murguia, Circuit Judges.

Opinion by Judge Murguia

## SUMMARY[*]

### Civil Rights / Attorneys' Fees

The panel vacated the district court's award of costs and attorneys' fees in a 42 U.S.C. § 1983 action, and remanded to the district court for an explanation of how it used the lodestar method to reduce plaintiff's fees and how it calculated plaintiff's reduced costs.

The panel held that in reducing plaintiff's fee request for $3.2 million in fees and $900,000 in costs, the district court did not explain how it determined that $500,000 in fees and $100,000 in costs was appropriate or why it denied costs to the prevailing defendants. As a result, the panel was unable to review the district court's reasoning. The panel stated that the mandate that district courts show their work in calculating fees was all the more important in cases such as this one where there were many overlapping claims and a very mixed result. Therefore, the panel vacated and remanded for a more complete explanation.

### COUNSEL

M. Jeffery Kallis, The Law Firm of Kallis & Associates, San Jose, California; Andrew V. Stearns and Steven M. Berki, Bustamante O'Hara & Gagliasso, San Jose, California, for Appellees.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Todd H. Master and Joseph C. Howard, Jr., Howard Rome Martin & Ridley, LLP, Redwood City, California, for Appellants.

**OPINION**

MURGUIA, Circuit Judge:

## I.  Background

Joseph and Darla Padgett filed a complaint asserting state and federal causes of action against eight defendants, stemming from a dispute with the City of Monte Sereno, California about enforcement of a fence height ordinance. The eight defendants were: the City; Brian Loventhal, the City Manager; A. Curtis Wright, the Mayor and member of the City Council; Erin Garner, Mark Brodsky, Barbara Nesbet, and David Baxter, members of the City Council; and Lisa Rice, a former City employee.  Against all defendants the Padgetts asserted civil rights claims under 42 U.S.C. § 1983 for violations of their First Amendment right to free speech and their Fourteenth Amendment right not to be subjected to selective enforcement of the law; a claim under California Civil Code § 52.1; civil extortion; intentional infliction of emotional distress; and negligent infliction of emotional distress.  The Padgetts also asserted a 42 U.S.C. § 1983 claim against all defendants except Rice for a violation of the Fourth Amendment relating to a measurement of their fence that they claimed was made without their consent.

Defendants began to chip away at the Padgetts' claims and by the eve of trial, only the Padgetts' First and Fourteenth

Amendment claims against Loventhal and Wright survived. The case proceeded to trial on those claims. The district court dismissed the Fourteenth Amendment claims against Wright before the case went to the jury. The jury returned a verdict in favor of Wright on Darla Padgett's First Amendment claim, but in favor of Joseph Padgett on his First Amendment claim. Joseph Padgett was awarded $1.00 in nominal damages and $200,000 in punitive damages. The jury was unable to reach a verdict on any of the claims against Loventhal.

All remaining parties then moved, pursuant to Federal Rule of Civil Procedure 50(b), for judgment as a matter of law. Wright's motion was denied, as was his motion in the alternative for a new trial under Rule 59. The district court entered judgment against Wright and in favor of Joseph Padgett. Because Darla Padgett did not file a motion for judgment as a matter of law with respect to Wright, the district court entered a judgment in Wright's favor on her claim. The district court granted Loventhal's motion on all claims. After the dust settled, Joseph Padgett prevailed on one claim—a § 1983 First Amendment retaliation claim—against one defendant—Wright. Darla Padgett prevailed on none.

Joseph Padgett moved for attorney's fees pursuant to 42 U.S.C. § 1988. The district court, citing *Thomas v. City of Tacoma*, 410 F.3d 644, 647–49 (9th Cir. 2005), noted that when a plaintiff prevails on only some of his claims, fees for the entire litigation may be excessive. Noting that this case was "a textbook example of disproportionate litigation in relation to the actual damages," the district court denied Padgett's full fee request because it represented the cost of

the entire litigation.  The district court explained its fee award as follows:

> Thus, the Court finds that minimum attorney['s]  fees are warranted for the prosecution of a minimally successful claim. Upon review of the claims, the result obtained, and Joseph Padgett's request for attorney['s] fees totaling approximately $3.2 million dollars, the Court finds that an award of $500,000 in attorney['s] fees is reasonable.

The district court justified this award with only a footnote, which read:

> *See Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983) ("The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.") In reaching this determination, the Court has considered factors relevant to determining the reasonableness of attorney['s] fees.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996).

The district court similarly decided, without explanation, to reduce Padgett's bill of costs from $900,000 to $100,000. The district court also denied costs to the prevailing defendants.

Because the district court did not explain how it determined that $500,000 in fees and $100,000 in costs was

appropriate or why it denied costs to the prevailing defendants, we are unable to review the court's reasoning. Therefore, we vacate and remand for a more complete explanation.

## II.  Discussion

We do not quarrel with the district court's conclusion that awarding Padgett $3.2 million in fees and $900,000 in costs might overcompensate him in light of his failure to prevail on the vast majority of his claims. *See Thomas*, 410 F.3d at 649. Additionally, the district court's citation to *Gisbrecht* and *Morales* correctly identified the lodestar method of calculating fees. But identifying the legal rules that guide the calculation of fees, and then producing a number that is purportedly a result of that calculation, does not allow us to review the decision for an abuse of discretion.

We have long held that district courts must show their work when calculating attorney's fees. In *Chalmers v. City of Los Angeles*, we vacated an award of attorney's fees when the district court noted that it was reducing the plaintiff's fees because the plaintiff was only partially successful, but the order "contain[ed] no explanation of how the court arrived at the" award. 796 F.2d 1205, 1213 (9th Cir. 1986), *amended by* 808 F.2d 1373 (9th Cir. 1987). The lack of explanation was problematic because,

> Without some indication or explanation of how the district court arrived at the amount of fees awarded, it is simply not possible for this court to review such an award in a meaningful manner. Absent some indication of how the district court's discretion was exercised, this

court has no way of knowing whether that discretion was abused.

*Id.*

More recently, in *Tutor-Saliba Corp. v. City of Hailey*, we relied on *Chalmers* to vacate an award of fees in favor of the defendant, noting,

> Although the district court stated that it utilized the 'lodestar' method to calculate the fee award, and that it had considered the factors enunciated in *Kerr [v. Screen Extras Guild, Inc.*,] 526 F.2d [67,] 70 [(9th Cir. 1975),] its order failed to reveal the number of hours being compensated, the hourly rate being applied, and how it reached the conclusion that 20 percent of counsel's time and costs were apportionable to the defense against [plaintiff's] frivolous claims.

452 F.3d 1055, 1065 (9th Cir. 2006).

Similarly, we have held that a district court must "specify reasons" for not awarding costs, *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc), and the same reasoning applies to reducing costs based on a partial victory. Without an adequate explanation by the district court, an appellate court is unable to determine if the district court abused its discretion. *Id.* at 592–93.

It is worth repeating that "[s]ince [the district court] is already doing the relevant calculation, it is a small matter to

abide by the injunction of the arithmetic teacher: Show your work!" *City of Holyoke Gas & Elec. Dep't v. FERC*, 954 F.2d 740, 743 (D.C. Cir. 1992). The requirement that district courts show their work is frequently forgotten, and we have often needed to reiterate its importance. *See, e.g.*, *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1034 (9th Cir. 2012) (remanding fee award for lack of explanation); *McCown v. City of Fontana*, 550 F.3d 918, 922–23 (9th Cir. 2008), *amended by* 565 F.3d 1097 (9th Cir. 2008) (same); *McGrath v. Cnty. of Nevada*, 67 F.3d 248, 254 (9th Cir. 1995) (same); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 406–07 (9th Cir. 1990) (same); *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263–64 (9th Cir. 1987) (same).

The mandate that district courts show their work is all the more important in cases where, as here, there are many overlapping claims and a very mixed result. *See Thomas*, 410 F.3d at 648–49. Failure on a claim does not automatically reduce the fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). Often, attorney work will bear on multiple claims, only some of which are successful. Fees for work which relates *only* to unsuccessful claims should not be awarded. *See id.* But where attorney work proves beneficial to a successful claim, district courts should generally award these fees in full, even if the work is also useful to an unsuccessful claim. In other words, the district court must award fees for the work that contributed to a successful result as if the successful claims were the only ones litigated. This, of course, is subject to the general constraint that the fees must be reasonable. *Id.*

The district court made an unfortunately common mistake. While it identified the correct rules, it provided no

explanation for how it applied those rules in calculating the costs and attorney's fees. Therefore, we vacate the district court's award of costs and fees and remand to the district court for an explanation of how it used the lodestar method to reduce Padgett's fees and how it calculated Padgett's reduced costs.

For the same reason, the district court erred in failing to explain why it denied costs to the prevailing defendants. Prevailing parties are generally able to recover their costs. *See* Fed. R. Civ. P. 54(d). While the district court has discretion to depart from the rule in appropriate cases, we cannot review its unexplained order for abuse of discretion. *See Ass'n of Mexican-Am. Educators*, 231 F.3d at 593.

**VACATED and REMANDED. Each party to bear its own costs on appeal.**