**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN KASSEBAUM, | No. 11-35998 |
| Plaintiff - Appellant, | D.C. No. 6:08 cv-0433-HO |
| v. | |
| CAROLYN W. COLVIN,[*] Acting Commissioner of Social Security, | MEMORANDUM[**] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted March 5, 2013[***]
Portland, Oregon

Before:    TASHIMA, CLIFTON, and BEA, Circuit Judges.

---

[*]    Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted for her predecessor pursuant to Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Susan Kassebaum appeals from the district court's partial denial of her motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. She also appeals the district court's denial of punitive fees under § 2412(b) for the alleged bad faith arguments of the Commissioner of Social Security. Because the facts are known to the parties, we do not recite them here. We affirm.

1.     A district court has significant discretion to determine the amount of a reasonable fees award, and to reduce a requested award to such an amount. *See Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990) ("[A] district court will always retain substantial discretion in fixing the amount of an EAJA award."). It must, however, articulate a "concise but *clear* explanation of its reasons for the fee" that it ultimately awards. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Here, the district court explanation, although not "elaborate," was "comprehensible." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2007). The district court's reasoning was sufficient to "show [its] work when calculating attorney's fees," *Padgett v. Loventhal*, 706 F.3d 1205, 1208 (9th Cir. 2013), and thus was not an abuse of discretion. *See Ferland*, 244 F.3d at 1148.

**2.** We reverse a district court's finding that a party did not act in bad faith only where it is clearly erroneous. *Beaudry Motor Co. v. Abko Prop., Inc.*, 780 F.2d 751, 756 (9th Cir. 1986). A district court should impose punitive awards for bad faith only "in exceptional cases and for dominating reasons of justice." *Rodriguez v. United States*, 542 F.3d 704, 711 (9th Cir. 2008) (internal quotation marks omitted). Here, the district court's refusal to award punitive fees for bad faith was not clearly erroneous. *See id*. at 710-11.

**AFFIRMED.**