**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>  v.<br><br>SUNWEST MANAGEMENT, INC.; CANYON CREEK DEVELOPMENT, INC.; CANYON CREEK FINANCIAL, LLC; JON M. HARDER; DARRYL E. FISHER; J. WALLACE GUTZLER; KRISTIN HARDER; ENCORE INDEMNITY MANAGEMENT LLC; SENENET LEASING COMPANY; FUSE ADVERTISING, INC.; KDA CONSTRUCTION, INC.; CLYDE HAMSTREET; CLYDE A. HAMSTREET & ASSOCIATES, LLC,<br><br>        Defendants - Appellees,<br><br>  v.<br><br>COHEN MILSTEIN SELLERS & TOLL, PLLC; KIT A. PIERSON; JUSTINE | No. 11-35788<br><br>D.C. No. 6:09-cv-06056-HO<br><br>MEMORANDUM[*] |

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

FISCHER; HERBERT E. ADELMAN,

Movants - Appellants,

MICHAEL GRASSMUECK,

Receiver.

ROBERT T. DEVANEY; NANCY L. DEVANEY; R. DEVANEY'S CHESTNUT HILL, LLC; N. DE VANEY'S CHESTNUT HILL, LLC; R. DE VANEY NIELSEN COMPLEX, LLC; N. DE VANEY NIELSEN COMPLEX, LLC; R. DE VANEY'S VILLAGE AT LAKE NORMAN, LLC; N. DE VANEY'S VILLAGE AT LAKE NORMAN, LLC; MIKE DUNN; MRD PROPERTIES, LLC; DUNN'S WATERFORD, LLC; JOHN E. SEMASKO; MARY JANE SEMASKO; SEMASKO'S ENGLEWOOD HEIGHTS, LLC; SEMASKO'S CHESTNUT HILL, LLC; SEMASKO'S CORINTHIANS, LLC; SEMASKO'S CARNEGIE VILLAGE, LLC,

Plaintiffs,

v.

DAVIS WRIGHT TREMAINE LLP, a Washington limited liability partnership,

No. 11-35789

D.C. No. 6:10-cv-06134-HO

2

Defendant - Appellee,

v.

COHEN MILSTEIN SELLERS & TOLL, PLLC; KIT A. PIERSON; JUSTINE FISCHER; HERBERT E. ADELMAN,

Movants - Appellants,

MICHAEL GRASSMUECK,

Receiver.

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted May 8, 2013[**]
Portland, Oregon

Before: GOODWIN, REINHARDT, and HURWITZ, Circuit Judges.

Cohen, Milstein, Sellers & Toll, PLLC, Kit A. Pierson, Herbert E. Adelman, and Justine Fischer (collectively "counsel" or "movants-appellants") appeal their award of attorney's fees in a class action settlement of a securities fraud case against the law firm of Davis Wright Tremaine LLP ("DWT"). Counsel were one

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

3

set of lawyers among many representing investors before the district court. This appeal was unopposed until April 24, 2013, when the Receiver moved for a continuance and to file an answering brief. Because we remand to the district court to reconsider the award, we deny the Receiver's tardy request. Our decision shall not, however, preclude the district judge from determining the extent to which the Receiver may participate in the remand proceedings.

We would normally review a district court's award of attorney's fees and expenses for abuse of discretion. *Lobatz v. U.S. W. Cellular of Cal., Inc.*, 222 F.3d 1142, 1148-49 (9th Cir. 2000). We cannot do so here, however, because the district court did not provide sufficient analysis or calculations supporting its decision to award attorney's fees in the amount of $231,000 out of a claimed lodestar of $1,009,22.50. District courts must "show their work" in fee cases. *E.g.*, *Padgett v. Loventhal*, 706 F.3d 1205, 1208 (9th Cir. 2013). The district court must "explain how it arrived at its determination with sufficient specificity to permit an appellate court to determine whether the district court abused its discretion in the way the analysis was undertaken." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).

On the record before us, we cannot determine whether the district court abused its discretion. On three occasions, the district court suggested reasons that

might justify awarding counsel a reduced fee. First, on March 22, 2011, the district court ordered counsel to show cause why fees should not be reduced "for paralegal work performed in excess of $100/hour" and for work "having a marginal contribution to the estate." Second, during the telephone hearing on the order to show cause, the district court told counsel:

> "I've been over your billing in detail. Frankly, some of the concerns I have about it, it appears that a lot of time was spent in efforts, frankly, to disassociate yourself with proceeding under the receiver in this case, to split it off."

Finally, in its September 26, 2011 order on counsel's expenses (decided after the order awarding attorney's fees), the district court reasoned:

> "These actions were not typical class action litigation. Plaintiffs' counsel's role was not instrumental in developing the class action. Rather the court proactively created the trust and through settlement resolved the issues rather than through protracted motions and procedural practice. Given the abbreviated litigation through settlement procedures, the requested fee amounts are unreasonable."

Although these statements gave some indication of the district court's motivation, they do not constitute sufficient explanation for appellate review.[1] We cannot simply guess as to the calculations the district court engaged in in order to reach the ordered amount of $231,000.

Thus, we remand to the district court to reconsider attorney's fees. The lodestar figure is a presumptively reasonable amount of attorney's fees. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010). If the district court departs from this amount it should explain its decision in light of the relevant factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

---

[1] The movants-appellants suggest that the district court may have incorrectly believed that they did not contribute to the ultimate settlement. They contend that they represented the interests of the class and contributed to the ultimate result by (1) determining that class relief was available and filing a class action that tolled the statue of limitations; (2) negotiating with the Receiver to assure maximum recovery for the class; and (3) negotiating and preparing the class settlement filings. We need not resolve that issue here.

6

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  More than just reasons, we require the district court to explain *how*—i.e., what calculations it employed—it arrived at the award.  *Padgett*, 706 F.3d at 1208.

Regarding the district court's reduced award of expenses, we conclude that it abused its discretion by denying certain expenses.  The district court stated that "expenses for copying, fees for computer assisted legal research and PACER, internal long distance charges, etc." were "more appropriately considered overhead expenses subsumed in the attorney fee hourly rates charged."  The district court thus correctly identified a principle governing the award of expenses—whether those expenses are normally charged to paying clients.  *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).  Nonetheless, the district court awarded these sorts of expenses to other counsel for plaintiffs in full while denying them to movants-appellants.

## CONCLUSION

Accordingly, we **REVERSE** the district court's fee award and **REMAND** with instructions to reconsider counsel's fees and give a detailed explanation of the calculation upon which it bases its award.  We **REVERSE** the district court's denial of counsel's expenses and direct the district court to **AWARD** those expenses as appropriate.  Because this court granted counsel's partial stay of the

distribution of funds from the litigation trust pending this appeal, we vacate the stay so that the district court may award the expenses.

**REVERSED and REMANDED.**