**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KIM MUNIZ,
                    *Plaintiff-Appellee*,

v.

UNITED PARCEL SERVICE, INC.,
                    *Defendant-Appellant*.

No. 11-17282

D.C. No.
4:09-cv-01987-CW

OPINION

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Chief District Judge, Presiding

Submitted June 14, 2013[*]
San Francisco, California

Filed December 5, 2013

---

[*] The panel unanimously finds this case suitable for decision without oral argument. FED. R. APP. P. 34(a)(2).

Before: Diarmuid F. O'Scannlain and Milan D. Smith, Jr., Circuit Judges, and James K. Singleton, Senior District Judge.**

Opinion by Judge Singleton;
Partial Concurrence and Partial Dissent by Judge Milan D. Smith, Jr.

## SUMMARY***

### Attorneys' Fees

The panel affirmed in part and vacated in part the district court's order awarding attorneys' fees to a prevailing plaintiff under California's Fair Employment and Housing Act.

The panel held that the district court did not abuse its discretion in awarding the prevailing plaintiff $697,971.80 in attorneys' fees where the jury awarded her only $27,280 in damages. The panel held that although there was a clear disparity between the damages recovered and the fees awarded, California law did not require the district court to reduce the disparity. The panel also held that the fee award to a paralegal was based upon inadmissible hearsay. The panel remanded to the district court to reconsider the award of fees to the paralegal, and to determine an award to the

---

** The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

plaintiff for attorneys' fees and costs incurred in defending this appeal.

Concurring in part and dissenting in part, Judge M. Smith agreed with the majority that the district court abused its discretion in granting paralegal fees based solely on hearsay evidence, and dissented from the remainder of the majority opinion.

## COUNSEL

Katherine C. Huibonhoa, Paul Hastings LLP, San Francisco, California, filed the briefs for the defendant-appellant. With her on the briefs was Ryan C. Hess, Paul Hastings LLP, San Francisco, California.

Michael von Loewenfeldt, Kerr & Wagstaffe LLP, San Francisco, California, filed the brief for the plaintiff-appellee. With him on the brief were Daniel A. Zaheer, Kerr & Wagstaffe LLP, San Francisco California, and Stephen R. Jaffe, The Jaffe Law Firm, San Francisco, California.

## OPINION

SINGLETON, Senior District Judge:

Kim Muniz sued her employer United Parcel Service, Inc., ("UPS") in California State Superior Court for employment-related discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), California Government Code § 12900. Muniz made no federal claim. UPS removed the case to federal court on the basis of diversity of citizenship. The case was tried to a jury which returned a verdict in Muniz's favor finding that UPS had discriminated against her on the basis of her gender and awarded her $27,280 in damages. Muniz, as a prevailing plaintiff under FEHA, sought an award of attorney fees. CAL. GOV'T CODE § 12965(b). Muniz requested $1,945,726.50 in fees. After extensive argument, the district court awarded Muniz $697,971.80.

UPS appeals. The sole issue on appeal is whether the district court abused its discretion in awarding Muniz $697,971.80 where the jury awarded her only $27,280.

## JURISDICTION

The district court had subject matter jurisdiction over Muniz's gender discrimination claims based upon diversity of citizenship. 28 U.S.C. § 1332. This court has jurisdiction over the final judgment under 28 U.S.C. § 1291.

## STANDARDS OF REVIEW

We review the district court's interpretation of state law in a diversity case de novo. *Stanford Ranch, Inc. v. Md. Cas.*

*Co.*, 89 F.3d 618, 624 (9th Cir. 1996). If state substantive law governs a case, then an award of attorney fees is also governed by state law. *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1024 (9th Cir. 2003). California state law determines the standards and factors to be considered in determining an award of attorney fees in this diversity action. *See Winterrowd v. Am. Gen. Annuity Ins. Co.,* 556 F.3d 815, 827 (9th Cir. 2009). We review attorney fees awarded under state law for abuse of discretion. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 661 (9th Cir. 1999). Decisions of the California Supreme Court, including reasoned dicta, are binding on us as to California law. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1164 (9th Cir. 1995). Decisions of the six district appellate courts are persuasive but do not bind each other or us. *See In re Student-Athlete Name & Likeness Licensing Litig.*, 724 F.3d 1268, 1278 (9th Cir. 2013). We should nevertheless follow a published intermediate state court decision regarding California law unless we are convinced that the California Supreme Court would reject it. *In re Watts*, 298 F.3d 1077, 1082–83 (9th Cir. 2002); *Owen ex rel. Owen v. United States*, 713 F.2d 1461, 1464–65 (9th Cir. 1983).

"We review evidentiary rulings for abuse of discretion, though we review de novo the district court's interpretation of the Federal Rules of Evidence." *United States v. Urena*, 659 F.3d 903, 908 (9th Cir. 2011), *cert. denied*, __U.S.__, 132 S. Ct. 1608 (2012).

We may affirm on any basis supported by the record, whether or not relied upon by the district court. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 686 (9th Cir. 2007). Accordingly, the decision of the district court may be affirmed "even if the district court relied on the wrong

grounds or wrong reasoning." *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp*., 159 F.3d 412, 418 (9th Cir. 1998).

## PRIOR PROCEEDINGS AND FACTUAL BACKGROUND[1]

In her complaint, Muniz identified a single adverse employment action—her two-level demotion from Division Manager to Supervisor—and alleged alternative "discriminatory motives" for UPS's action in separate claims for retaliation, gender discrimination and age discrimination. Muniz contended that the wrongful discrimination was traceable in part to UPS's negligence in hiring and training its employees.

It appears that Muniz only identified one adversary in UPS management—Ron Meyer—to whom she traced all of her problems. Meyer is the only one specifically accused by Muniz of retaliation and age and gender discrimination. She does not contend that Mary Gill, the District Manager who demoted her, or UPS's other managers were gender biased or had any reason to retaliate against her. She maintains that Gill and the other managers were influenced by Meyer into taking all of the actions upon which this case is brought.

---

[1] UPS did not include a transcript of the trial in its excerpts of record. This failure makes a determination regarding attorney fees difficult. *See Maria P. v. Riles*, 43 Cal. 3d 1281, 1295–96 (Cal. 1987) (failure of appellant challenging attorney fee awards to include trial transcript in record warrants summary affirmance); *Vo v. Las Virgenes Mun. Water Dist.,* 94 Cal. Rptr. 2d 143, 79 Cal. App. 4th 440, 447–48 (Cal. Ct. App. 2000) (same). We have prepared our statement of facts based upon the parties' submissions which we do not believe to be disputed. *See Chavez v. City of Los Angeles,* 224 P.3d 41, 45 (Cal. 2010) (suggesting this approach).

From the record provided, it appears that UPS essentially argued that Muniz was an example of what has elsewhere been called the "Peter Principle"—that she had been promoted to her level of incompetence. *See* LAURENCE J. PETER & RAYMOND HULL, THE PETER PRINCIPLE: WHY THINGS ALWAYS GO WRONG 7 (William Morrow ed. 1969). In line with this theory, UPS apparently argued that Meyer was simply the first to recognize Muniz's failings, and that his efforts were a reasonable attempt to persuade senior management to demote her to a position consistent with her limitations. The jury disagreed and awarded damages. UPS does not challenge the jury verdict on appeal.

On March 30, 2009, Muniz filed a complaint with the California Department of Fair Employment and Housing ("DFEH") alleging that she was demoted based on gender, age and retaliation for engaging in protected activity. The only adverse action Muniz mentioned in her state court complaint and in her administrative complaint was the two-step demotion. Her complaint about the Manager Performance Improvement Plan ("MPIP") and the stock bonus came later. Muniz filed the instant action on April 6, 2009.

Muniz's claims for age discrimination, retaliation and punitive damages were resolved against her through summary judgment. After UPS moved for summary judgment but prior to oral argument, Muniz abandoned her age discrimination claim and no longer argued that her retaliation claim fell under FEHA as pled. Muniz sought to amend her complaint to properly allege retaliation under state labor law, but the district court held that she had waited too long and, in any event, she could not show that her reports of Fair Labor Standards Act violations in 2007 were close enough in time

to permit an inference of causation regarding the adverse employment actions in 2008. Muniz's claim for negligent supervision and training survived summary judgment but was abandoned at trial. UPS concedes that the negligent supervision claim was interrelated with the gender discrimination claim.

The case went to trial on claims of gender/sex-based employment discrimination. *See Muniz v. United Parcel Serv., Inc.*, No. 4:09-cv-019887-CW, 2011 WL 3740808, at *1 (N.D. Cal. Aug. 23, 2011). The district court described the claims tried and the result as follows:

> A jury trial was held on Plaintiff's FEHA gender discrimination claim. This claim rested on three alleged adverse actions: (1) the denial of a stock bonus; (2) her placement on the MPIP; and (3) her demotion from division manager to supervisor. The jury found that UPS's decision to deny Plaintiff a stock bonus was not motivated by her gender. It concluded that UPS's decision to place her on an MPIP, although motivated by her gender and a substantial factor in causing her harm, was made for both discriminatory and non-discriminatory reasons and that UPS would have made the same decision for a non-discriminatory reason.[2] However, the jury

---

[2] At the time this case was tried, the Ninth Circuit had held, in reliance on 1991 amendments to Title VII, that a plaintiff who proved discrimination but lost a mixed-motive case because the jury believed the employer would have made the same adverse decision in the absence of a discriminatory motive may nevertheless recover reasonable attorney

found that Plaintiff's gender motivated UPS to demote her, it was a substantial factor in causing her harm and UPS would not have demoted her for a non-discriminatory reason. The jury awarded Plaintiff $27,280.00, which was the sum of $9,990 for her lost earnings, $7,300 for her past medical expenses and $9,990 for her past non-economic loss.[3]

fees. *See Costa v. Desert Palace, Inc.*, 299 F.3d 838, 857 (9th Cir. 2002), *aff'd*, 539 U.S. 90 (2003); *Norris v. Sysco Corp.*, 191 F.3d 1043, 1050 (9th Cir. 1999). The jury in this case was apparently instructed in conformity with federal law. At the time of the trial of Muniz's claims, the California Supreme Court was considering, but had not decided, whether California recognized a mixed-motive defense to FEHA. Early this year the California Supreme Court determined that California law was essentially the same as federal law. *Harris v. City of Santa Monica*, 294 P.3d 49, 51–52 (Cal. 2013).

It does not appear that *Harris* should affect the outcome here. While UPS terms the mixed-motive result a win for it and suggests that Muniz should not recover any fees for time spent on it, the district court apparently treated all of the gender discrimination claims as related and apparently included time spent on them in the lodestar; *Harris* supports including any time spent on challenging the MPIP decision in the award of attorney fees and on this record all of the alleged gender discrimination adverse employment claims are sufficiently related to permit a full award of attorney fees.

[3] At the close of trial, Muniz asked the jury during argument to award damages totaling over $700,000.

*Muniz*, 2011 WL 3740808, at \*2.  UPS and Muniz, each claiming to be prevailing parties, sought attorney fees under FEHA, California Government Code section 12965(b).[4]

UPS brought a number of post-trial motions which were decided by the trial court.  In that decision, the district court also addressed both parties' request for attorney fees.  The court found Muniz to be a prevailing party and rejected UPS's motion for attorney fees.  The court summarized Muniz's fee request in the following table:

| Attorney | Hourly Rate | Hours Billed | Total Fees |
|---|---|---|---|
| Stephen Jaffe | $650.00 | 1,610.8 | $1,047,020.00 |
| Daniel Zaheer | $350.00 | 395.2 | $138,320.00 |
| Kathryn Landman | $290.00 | 28.1 | $8,149.00 |
| Susan Jaffe | $195.00 | 531.6 | $103,662.00 |
| Subtotal | | | $1,297,151.00 |
| Subtotal x Proposed 1.5 Lodestar Multiplier | | | $1,945,726.50 |

---

[4] We will consider federal cases arising under Title VII and 42 U.S.C. § 1988 to the extent California would consider them persuasive.  As we shall see, however, in some respects California law differs from federal law regarding the calculation of reasonable fees based upon differences in the language of the governing statutes, and we will be sensitive to those differences.  *See Chavez*, 224 P.3d at 50.  "An upward or downward adjustment from the lodestar figure will be far more common under California law than under federal law."  *Id*. at 51 n.6 (citation omitted).

The district court considered Muniz's requested fees in determining the lodestar.  Based upon the district court's review of the record, the submissions of the parties, fees awarded in other cases in the same district, and the district court's observation of Mr. Jaffe during trial and earlier proceedings, the district court reduced his requested hourly fee from $650 per hour to $445 per hour.  The district court reduced Ms. Landman's requested fee from $290 to $230 and Ms. Jaffe's rate from $195 to $130 per hour.  The district court left Mr. Zaheer's quoted fee intact.

Initially UPS vigorously objected to the hours claimed by the Jaffes.  The district court largely agreed with UPS.  It found Mr. Jaffe's record keeping inadequate and sent him back three times to improve it.  The court ultimately found that Jaffe had not sufficiently proved his hours or Ms. Jaffe's hours and therefore reduced each by 20 percent.  The court then multiplied the adjusted hourly rate by the adjusted hours and arrived at a lodestar award of $773,514.20.  The district court reduced this amount by a further 10 percent to reflect Muniz's limited success (having recovered $27,280) and her disproportionate fee request ($2 million in fees requested versus $696,162.78 awarded),[5] resulting in an adjusted fee award of $696,162.78.  The district court summarized Muniz's award for attorney fees and costs as follows:

---

[5] The initial fee request (approximately $2 million) was approximately 73 times the damage award ($27,280).  The reduced fee award of $696,162.78 is approximately 26 times the damage award.

| Attorney | Hourly Rate | Hours Billed | Total Fees |
|---|---|---|---|
| Stephen Jaffe | $445.00 | 1,288.64 | $573,444.80 |
| Daniel Zaheer | $350.00 | 395.2 | $138,320.00 |
| Kathryn Landman | $230.00 | 28.1 | $6,463.00 |
| Susan Jaffe | $130.00 | 425.28 | $55,286.40 |
| Subtotal | | | $773,514.20 |
| Subtotal x Lodestar Reduction of 0.1 | | | $696,162.78 |
| Non-statutory costs | | | $1,809.02 |
| Total award | | | $697,971.80 |

## DISCUSSION

In general, California courts, like their federal counterparts, utilize the lodestar (or "touchstone") approach to determine a proper fee award to a prevailing plaintiff in a civil rights law suit. *Chavez*, 224 P.3d at 51. Each attorney's reasonable hourly rate is determined, and then that rate is multiplied by the hours reasonably spent in achieving plaintiff's victory. *Id*. The result is the lodestar, which may be adjusted up or down to determine an appropriate award in the individual case. *Id*. In the absence of special circumstances which would make the adjusted lodestar amount unjust, it should be awarded to a prevailing plaintiff's attorneys. *Id*. at 45.

UPS has narrowly focused its appeal. It does not challenge the jury verdict. It concedes that the district court's

lodestar calculation, after the reductions noted, was within its discretion except in one particular instance. UPS argues that the award of fees to paralegal Susan Jaffe was based upon inadmissible hearsay. UPS directs its primary argument to the court's treatment of Muniz's limited success and its inflated fee request, which UPS contends required a substantially greater downward adjustment.

## WAS THE FEE AWARD TO PARALEGAL SUSAN JAFFE BASED UPON INADMISSIBLE HEARSAY?

Declarations in support of attorney fee awards should be based upon personal knowledge. *Mardirossian & Assocs., Inc. v. Ersoff*, 62 Cal. Rptr. 3d 665, 6774–75 (Cal. Ct. App. 2007). Ms. Jaffe did not file a declaration swearing to the hours she spent on this case. Mr. Jaffe filed a declaration (his third) which he alleged was based upon his personal knowledge and in which he stated that he had watched Ms. Jaffe reconstruct her hours using the same information he used, and that the attached spreadsheet showed her hours.

UPS objected that this statement and the accompanying spreadsheet were inadmissible hearsay. Muniz argued that Mr. Jaffe's declaration verified Ms. Jaffe's hours based upon his personal knowledge. No evidentiary hearing was held. The district court interpreted Mr. Jaffe's declaration as stating that he had personal knowledge of Ms. Jaffe's hours and tasks, that he watched her reconstruct her hours and the spreadsheet he attached to his declaration showed her hours, and that he could state from personal knowledge that the hours she put down were an approximation of those she actually expended under his supervision on the identified tasks. *See Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045–47 (9th Cir. 2013) (rejecting similar hearsay objection

and finding that the declaration was an expression of "lay opinion"). Here the declaration would arguably be an expert opinion by Mr. Jaffe.

Our decision on this issue is controlled by the Federal Rules of Evidence. Hearsay is a statement by someone who does not testify at a hearing and which is offered to prove the truth of the matter asserted in the statement. FED. R. EVID. 801(c). Here the matter asserted in the statement is the hours expended by Ms. Jaffe in this case and contained in the spreadsheet. We are satisfied that the only reasonable interpretation of Mr. Jaffe's declaration is that Ms. Jaffe provided this information to him. It was therefore hearsay and the district court's conclusion to the contrary clearly mistaken.

Muniz argues that if the spreadsheet is hearsay, any error was harmless because the trial court had sufficient information to estimate hours reasonably spent by the Jaffes, and her adjusted hours reflects the district court's conclusion regarding the proper hours. *Mardirossian* analogizes the foundation for an attorney fee award in California to the rule that an injured party must show that he was injured—i.e., damaged—by persuasive evidence, but is not required to show with certainty the amount of his damage. 62 Cal. Rptr. 3d at 674–75 (precise calculations of hours spent not required; estimates based upon personal knowledge which are a fair approximation will suffice). Here, there is no question the Jaffes invested some hours in this case, and that the district court knew what tasks they performed. Mr. Jaffe certainly knew if he assigned work to Ms. Jaffe and if she completed it. Nevertheless, *Mardirossian* requires an evidentiary basis for each aspect of an award. *Id*. In the absence of a more complete explanation from the district

court regarding paralegal hours, we cannot conclude that allowing hearsay as the sole justification for an award to Ms. Jaffe was harmless.

## DID THE DISTRICT COURT ABUSE ITS DISCRETION IN FAILING TO REDUCE THE FEE AWARD TO A GREATER EXTENT DUE TO LIMITED SUCCESS AND INFLATED FEES?

No reported decision of the California Supreme Court has held that a trial court abused its discretion by awarding a prevailing plaintiff in a FEHA case fees based upon the lodestar. The cases like *Chavez*, upon which UPS relies, all involve decisions upholding the trial court's discretion in adjusting the lodestar calculation and determining fees. *See* 224 P.3d at 54–55. These cases provide little support to UPS because trial court decisions are not precedential. An appellate decision upholding a particular exercise of trial court discretion does not mean that the appellate court would not have also upheld a substantially different decision.

### I.  *Limited success*

UPS argues that the district court did not adequately account for Muniz's limited success in this case. Under both California and federal law, a fee award must be adjusted to reflect limited success. *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983); *Chavez*, 224 P.3d at 53–54. California considers this aspect of federal law persuasive. *Chavez*, 224 P.3d at 53–54. The limited success determination has two components: first, the court must deduct from the lodestar hours spent exclusively on unrelated unsuccessful claims; and second, the court must evaluate the remaining hours to determine if they were reasonably necessary to achieve the

result obtained. *Hensley,* 461 U.S. at 434; *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1499–1500 (9th Cir. 1995).

> (a) *The district court did not abuse its discretion in failing to deduct more time for unsuccessful claims*

California law requires a trial court to adjust a lodestar award to account for time spent exclusively on an unsuccessful claim. *Chavez*, 224 P.3d at 53–54. It appears that California law follows federal law in evaluating such claims. *See Envtl. Prot. Info. Ctr. v. Cal. Dep't of Forestry & Fire Prot.*, 118 Cal. Rptr. 3d 352, 368–78 (Cal. Ct. App. 2010) (applying limited success analysis set forth in *Hensley v. Eckerhart* and remanding for reevaluation of award of attorney fees under California's private attorney general fee-shifting statute); *Harman v. City & Cnty. of San Francisco*, 69 Cal. Rptr. 3d 750, 760–70 (Cal. Ct. App. 2007) (holding that, on remand, trial court did not abuse its discretion in evaluating attorney fees awarded in civil rights fee-shifting case for limited success under *Hensley v. Eckerhart*).

*Hensley* cautions that, before hours may be deducted specifically for unsuccessful claims, the claims must be suitable for entirely separate lawsuits. 461 U.S. at 434–35; *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995). They must be distinct in both fact and law. *Hensley*, 461 U.S. at 434–35; *Harman*, 69 Cal. Rptr. 3d at 760 (in evaluating a claim for limited success under *Hensley*, "the court [must] inquire whether the different claims for relief . . . are based on different facts and legal theories. If so, they qualify as unrelated claims.") (citations and internal quotation marks omitted). To deduct time, the court must find that the time deducted did not aid in proving the successful claims. *Schwarz*, 73 F.3d at 903–04

(discussing *Herrington v. Cnty. of Sonoma*, 883 F.2d 739, 747 (9th Cir. 1989)). UPS points to Muniz's claims for retaliation and age discrimination, which it claims are "unrelated." The district court agreed, reasoning that the age discrimination and retaliation claims involved different legal theories than the gender discrimination claim, and that Muniz had not shown that they were related factually. The district court therefore deducted a further 10 percent from the total lodestar award on this account. UPS argues that this was not a sufficient deduction.

UPS does not attempt to estimate the actual number of hours the Jaffes could reasonably have spent on the claims for age discrimination, retaliation, negligent hire and punitive damages. UPS apparently assumes that it and the Jaffes spent an equal amount of time on each claim, whether successful or unsuccessful. UPS points to no evidence supporting this assumption. UPS argued that the district court should assume that Muniz spent as much time developing its age discrimination claim which it abandoned at summary judgment as it spent on its gender discrimination claim upon which it prevailed after a seven day jury trial. The district court properly rejected this contention, and under both federal and California law, that the jury sustained a mixed-motive defense does not preclude an award of attorney fees for that claim.

In *Corder v. Gates*, this Court criticized percentage adjustments to the lodestar amount for limited success, concluding that limited success should be addressed in the lodestar calculation by deducting specific hours. 947 F.2d 374, 378 (9th Cir. 1991). California law is much more open to percentage adjustments of the lodestar up and down. *See Chavez*, 224 P.3d at 51 n.6. In any event, *Corder* finds such

a deduction harmless error unless the district court double counts, which was not done here.  947 F.2d at 378.

We are not convinced, however, that the district court was clearly wrong in failing to deduct further for them, particularly where it does not appear that either party could segregate hours spent exclusively on the unsuccessful claims. The district court was not clearly mistaken in declining to deduct a greater amount for unsuccessful claims.

   (b) *The district court's implicit conclusion that the hours claimed by Muniz after deductions were reasonably incurred in order to obtain a $27,280 verdict and a determination of a gender-biased employment decision was not clearly mistaken*

The second component of the limited success inquiry asks whether the hours allowed were reasonably necessary to achieve the result reached.  *Hensley*, 461 U.S. at 434; *Harman*, 69 Cal. Rptr. 3d at 761.  Initially we must evaluate the level of Muniz's success.  Her success was not insignificant.  In her initial complaint, she alleged that UPS had made one adverse employment decision by demoting her two levels from division manager to supervisor.  She attributed this adverse decision to discrimination prohibited by FEHA.  She offered age discrimination, gender-based discrimination and retaliation as alternate motives for the FEHA violation.  The jury found that the two-step demotion was motivated by gender bias prohibited by FEHA.  Muniz asked for damages "in excess of $25,000" in her complaint. The jury awarded her $27,280.  No equitable relief was sought or obtained.

UPS argues that the district court abused its discretion by failing to discuss the relationship that the damages awarded to Muniz had to the damages Muniz sought. The district court's opinion, however, makes clear that it was well aware of this relationship. The district court expressly relied on the fact that Muniz "was awarded a minimal amount for her past losses and received nothing for future economic and non-economic losses." This was not an abuse of discretion.

II. *The district court did not abuse its discretion in declining to reduce the fee request further because the initial fee request was inflated*

Muniz sought attorney fees of $1,297,151.00, enhanced by a 1.5 multiplier to $1,945,726.50. The district court denied the multiplier and ultimately awarded $696,162.78, or approximately 36 percent of the amount requested. California law clearly allows the trial court to reduce or deny attorney fees if it is satisfied that the fee request is unreasonably inflated. *Chavez*, 224 P.3d at 54–55. It has long been the law in California that an unreasonably inflated fee request is a special circumstance authorizing the trial court to substantially reduce or deny fees altogether. *Serrano v. Unruh*, 32 Cal. 3d 621, 635 (Cal. 1982). Like all special circumstances, a reduction is permitted but not required. The district court has broad discretion to determine whether an inflated fee request warrants reduction and, if so, to what extent. In this case, the district court concluded that the fee request was inflated and recognized that it had discretion to deny all fees, but concluded that a total denial of fees or limiting the award to a nominal amount would be too severe a sanction. Instead, the district court considered the inflated fee request in reducing the lodestar by 10 percent.

UPS argues that *Chavez*, 224 P.3d 41, requires a deeper cut. *Chavez* is distinguishable. Like Muniz, Chavez declined to proceed as a limited civil action in state court but, unlike Muniz, recovered less than $25,000, which under an applicable California statute permitted a reduction in awardable fees. *Id*. at 45. Here, Muniz recovered more than $25,000 and was not vulnerable to the statute permitting reduction in fees. This case would not have been appropriate for a limited civil action, and the trial court exercised its discretion to grant fees, while in *Chavez* the court exercised its discretion to deny fees. *Id*. at 55.

UPS's reliance on *Farrar v. Hobby*, 506 U.S. 103 (1992), is also inapposite. *Farrar* permits but does not require a reduction in fees where only nominal or minimal damages are awarded. *Id*. at 114–15. In *Morales v. City of San Rafael*, 96 F.3d 359, 362–63 (9th Cir. 1996), this Court concluded that a jury award of $17,500 was neither nominal or minimal. Here Muniz recovered more than $17,500.

To the extent that presenting an unreasonably inflated request for fees presents a separate issue from limited success, it is determined as of the time the request for fees is made. Here, the district court found that Muniz made an unreasonably inflated fee request. Its decision to deduct 10 percent of the lodestar was based in part on this finding. The district court believed that it had discretion under *Chavez* to deduct further or eliminate attorney fees entirely, but concluded a lesser sanction was appropriate. *See Beaty v. BET Holdings, Inc.*, 222 F.3d 607, 613–14 (9th Cir. 2000) (remanding to ensure that district court understood that it had discretion to reduce fees based upon results obtained). UPS has not shown that this decision was an abuse of discretion.

In conclusion, UPS has not demonstrated that the initial fee request in this case was made in bad faith and was so inflated that a 10 percent negative multiplier was not adequate to account both for limited success and possible inflation of the fee request.

It is not clear that the dissent disputes anything we have said so far. The dissent argues that the district court failed to "show her work," which we understand to mean that the district court did not disclose the basis for her decision to deduct only 10 percent from the lodestar calculation rather than some other percentage, *e.g.*, 5 percent, 50 percent or 90 percent, based upon its conclusion that limited success and an inflated fee request warranted a deduction from the lodestar. A trial court owes the parties and a reviewing court a reasoned resolution of the factual and legal disputes presented by a case. Typically this involves finding facts and providing legal conclusions, which may be included in a written decision as was done here. UPS does not dispute any of the trial court's findings of fact. UPS does not argue that the lodestar was improperly calculated. It presents legal arguments chiefly based upon what we have concluded was an untenable reading of *Chavez* and *Farrar*. In light of the arguments made by UPS and the record it provided, the district court's decision was more than adequate to enable us to resolve this appeal.

Notably, UPS did not press on appeal the approach favored by the dissent. Even assuming that we should consider the matter, the district court sufficiently explained its reasoning to permit meaningful appellate review. *See Padgett v. Loventhal*, 706 F.3d 1205, 1208 (9th Cir. 2013). In its opinion, the district court provided a helpful table to explain its calculation of the lodestar and the effect of its

adjustment on that calculation. The district court also expressly discussed factors relevant to the lodestar adjustment and made clear why it believed that Muniz had obtained only limited success and submitted an inflated fee request.

## CONCLUSION

The district court recognized that it had discretion to reduce Muniz's fee award further than it did. The district court gave a clear and concise explanation of its reasoning addressing every issue that UPS asks us to consider on appeal. There is a disparity between the damages recovered and the fees awarded. We are not convinced that California law requires the trial court to reduce that disparity. *See Beaty*, 222 F.3d at 612–13 ("[A] trial court does not under California law abuse its discretion by simply awarding fees in an amount higher, even very much higher, than the damage awarded, where successful litigation causes conduct which FEHA was enacted to deter to be exposed and corrected.") (internal quotation marks omitted).

UPS has failed to demonstrate that the fee award, except to the extent it addressed paralegal fees, was clearly mistaken.

The judgment of the district court is **AFFIRMED in part and Vacated in part,** and this case is **REMANDED** to the district court 1) to reconsider an award of fees to Susan Jaffe for paralegal work on behalf of Muniz and to determine, in the first instance, whether any hearsay exception applies to Mr. Jaffe's declaration regarding fees for paralegal work in this case and 2) to determine an award to Muniz for

reasonable attorney fees and costs incurred in defending this appeal.**[6]**

M. SMITH, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that the district court abused its discretion in granting paralegal fees based solely on hearsay evidence. I respectfully dissent from the remainder of the majority opinion.

Although we review attorney fee awards for abuse of discretion, "[w]e have long held that district courts must show their work when calculating [such awards]." *Padgett v. Loventhal*, 706 F.3d 1205, 1208 (9th Cir. 2013); *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) ("A district court acts within its discretion in awarding fees when the amount is reasonable and the court fully explains its reasoning in making the award."). This requirement makes good sense. "Without an adequate explanation by the district court," we are unable to conduct a meaningful review of the fees awarded, and we have no way of knowing whether the district court abused its discretion. *Padgett*, 706 F.3d at 1208 (citing *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 592–93 (9th Cir. 2000) (en banc)). As we recently explained, "[t]he mandate that district courts show their work is all the more important in cases where, as here,

---

**[6]** California law allows a plaintiff to recover not only the fees incurred with respect to the underlying claim but also any fees incurred in enforcing the right to fees. *Maria P.*, 43 Cal. 3d at 1296; *Ketchum,* 17 P.3d at 747–48. Muniz should recover her fees on appeal.

there are many overlapping claims and [] mixed result[s]." *Padgett*, 706 F.3d at 1209.

Fee awards that employ across-the-board percentage reductions "are subject to heightened scrutiny. . . ." *Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992). Where the court applies an across-the-board percentage reduction in lieu of engaging in a line-by-line analysis, "[a] cursory statement" that neglects to explain why *a particular reduction* is "the correct reduction . . . does not allow for us meaningfully to assess the determination." *Id*. Accordingly, absent "a concise but clear explanation of [the court's] reasons for choosing a given percentage reduction," we have no choice but to conclude that the chosen reduction was arbitrary. *Id*. at 1400–01 (internal quotation marks omitted); *see also Gonzalez v. City of Maywood*, 729 F.3d 1196, 1204–05 (9th Cir. 2013).

Here, the district court applied a ten-percent across-the-board lodestar reduction. In so doing, the court merely explained that a reduction was necessary to account for "Plaintiff's limited success." The court did not explain how it arrived at a ten-percent reduction, nor how the $697,971.80 fee award it approved after applying this reduction could have been reasonable in light of the mere $27,280.00 that plaintiff recovered in damages. *See Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983). Without such an explanation, we cannot meaningfully assess the reasonableness of the fee award.

Under these circumstances, I believe we must remand for the district court to complete its work. To the degree the majority holds otherwise, it departs from and adds confusion to our well-settled jurisprudence governing the review of fee awards.

I respectfully dissent.