M. SMITH,, Circuit Judge,
concurring in part apd dissenting in part:
I agree with the majority that the district court abused its discretion.in granting paralegal fees based solely on hearsay evidence. I respectfully dissent from the remainder of the majority opinion.
Although we review attorney fee awards for abuse of discretion, “[w]e have long held that district courts must show their work when calculating [such awards].” Padgett v. Loventhal, 706 F.3d 1205, 1208 (9th Cir.2013); McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir.2009) (“A district court acts within its discretion in awarding fees when the amount is reasonable and the court fully explains its reasoning in making the award.”). This requirement makes good sense. “Without *228 an adequate explanation by the district court,” we are unable to conduct a meaningful review of the fees awarded, and we have no way of knowing whether the district -court abused its discretion. Padgett, 706 F.3d at 1208 (citing Ass’n of Mexican-Am. Educators v. California, 231 F.3d 572, 592-93 (9th Cir.2000) (en banc)). As we recently explained, “[t]he mandate that district courts show their work is all the more important in cases where, as here, there are many overlapping claims and [ ] mixed result[s].” Padgett, 706 F.3d at 1209.
Fee awards that employ, across-the-board percentage reductions “are subject to heightened scrutiny....” Gates v. Deukmejian, 987 F.2d 1392, 1400 (9th Cir.1992). Where the court applies an across-the-board percentage reduction in lieu of engaging in a line-by-line analysis, “[a] cursory statement” that neglects to explain why a particular reduction is “the correct reduction ... does not allow for us meaningfully to assess the determination.” Id. Accordingly, absent “a concise but clear explanation of [the court’s] reasons for choosing a given percentage reduction,’-’ we have no choice but to conclude that the chosen reduction was arbitrary. Id. at 1400-01 (internal quotation marks omitted); see also Gonzalez v. City of Maywood, 729 F.3d 1196, 1204-05 (9th Cir.2013).
Here, the district court applied a ten-percent across-the-board lodestar reduction. In so doing, the court merely explained that a reduction was necessary to account -for “Plaintiffs limited success.” The court did not explain how it arrived-at a ten-percent reduction, nor how the $697,971.80 fee award it approved after applying this reduction could have been reasonable in light of the mere $27,280.00 that plaintiff recovered in damages. See Hensley v. Eckerhart, 461 U.S. 424, 436-37, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Without such an explanation, we cannot meaningfully assess the reasonableness of the fee award.
Under these circumstances, I believe we must remand for the district court to complete its work. To the degree the majority holds otherwise, it departs from and adds confusion to our well-settled jurisprudence governing the review of fee awards.
I respectfully dissent.