NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



JOSEPH PADGETT,

      Plaintiff-Appellant,

v.

BRIAN LOVENTHAL,

      Defendant,

 and

A. CURTIS WRIGHT,

      Defendant-Appellee.

No.   19-16383

D.C. No. 5:04-cv-03946-EJD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted September 23, 2021
Pasadena, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER and RAWLINSON, Circuit Judges, and DRAIN,[**] District Judge.

Plaintiff Joseph Padgett appeals the district court's order awarding him attorney's fees in this long running dispute over enforcement of a fence height ordinance. *See Padgett v. Loventhal*, 706 F.3d 1205, 1206, 1208 (9th Cir. 2013) (remanding for an explanation of attorney's fee award). In the next appeal, we vacated the district court's dismissal of Padgett's claims for the pretrial services fees incurred by the McManis Faulker law firm and remanded for an award of fees. *See Padgett v. City of Monte Sereno*, 722 F. App'x 608, 611-12 (9th Cir. 2018). This is an appeal from the district court's award of $128,631.

Padgett challenges the district court's reduction from the lodestar. That figure of more than $600,000 represented a reasonable hourly rate multiplied by the hours McManis worked on plaintiffs' claims, including work on claims on which Padgett did not prevail. Padgett argues that the district court relied on the erroneous theory that Padgett was entitled to fees sufficient only to reimburse him for fees he was actually obligated to pay.

We assume Padgett is correct that the prevailing party is entitled to reasonable attorney's fees even if none were paid. *See Vargas v. Howell*, 949 F.3d

---

[**] The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

1188, 1198 (9th Cir. 2020). A party is not entitled to fees, however, for claims on which it did not prevail. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). After summary judgment, only Padgett's First and Fourteenth Amendment claims remained. The district court dismissed his Fourteenth Amendment claim before it was submitted to the jury. Padgett prevailed on only one of his seven claims. Padgett is thus not entitled to the full lodestar amount he now seeks. While the district court may have reduced the lodestar for an inappropriate reason, the district court was well aware of the fact that Padgett enjoyed only a partial victory and that he was not entitled to the entire lodestar amount.

The issue now before this Court is whether the amount awarded was reasonable. Given this Court's familiarity with the nature and history of this litigation, we must conclude that it was.

**AFFIRMED**.