NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVEN PRESCOTT; LINDA CHESLOW, individually and on behalf of all others similarly situated,

Plaintiffs-Appellants,

v.

NESTLE USA, INC.,

Defendant-Appellee.

No.    22-15706

D.C. No. 5:19-cv-07471-BLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted August 15, 2023[**]
San Francisco, California

Before:  CALLAHAN and BADE, Circuit Judges, and ANTOON,[***] District Judge.

Steven Prescott and Linda Cheslow, individually and on behalf of all others

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

similarly situated, (collectively, "Plaintiffs") appeal the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of their putative consumer class action against Nestlé USA, Inc. ("Nestlé"). Plaintiffs allege that Nestlé violated California's Unfair Competition Law ("UCL"), False and Misleading Advertising Law ("FAL"), and Consumer Legal Remedies Act ("CLRA") by misleading consumers into believing its "Premier White Morsels" product contains white chocolate. The district court concluded that Plaintiffs (1) failed to state a plausible claim under California's reasonable consumer test as a matter of law and (2) failed to allege standing to seek injunctive relief. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's dismissal order de novo, *see Tingley v. Ferguson*, 47 F.4th 1055, 1066 (9th Cir. 2022), we vacate and remand.

The district court correctly concluded that as a federal court sitting in diversity over Plaintiffs' California state law claims, it must apply California substantive law. *See Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1016 (9th Cir. 2020). Shortly after Plaintiffs filed their opening brief in this appeal, the California Court of Appeal decided *Salazar v. Walmart, Inc.*, 83 Cal. App. 5th 561 (2022) ("*Walmart*"), a case involving materially identical facts, claims, and arguments. In *Walmart*, the court concluded that the trial court erred in sustaining Walmart's demurrer without leave to amend as to plaintiffs' claims for implied misrepresentations regarding white chocolate in baking products under the UCL,

2

FAL, and CLRA. *Walmart*, 83 Cal. App. 5th at 570. The trial court had dismissed plaintiffs' claims without leave to amend, finding as a matter of law that no reasonable consumer would believe Walmart's "Great Value White Baking Chips" contain white chocolate. *Id.* at 564. The California Supreme Court denied the petition for review and request to depublish the *Walmart* decision. *Salazar v. Walmart, Inc.*, 2023 Cal. LEXIS 45 (Jan. 11, 2023).

Although the *Walmart* decision is not binding, its application of California law is persuasive and should be followed unless we are "convinced that the California Supreme Court would reject it." *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1023 (9th Cir. 2016) (quoting *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013)); *see also Owen ex rel. Owen v. United States*, 713 F.2d 1461, 1464–65 (9th Cir. 1983) ("In the absence of a pronouncement by the highest court of a state, the federal courts must follow the decision of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently." (internal quotation marks omitted) (quoting *Andrade v. City of Phoenix*, 692 F.2d 557, 559 (9th Cir. 1982) (per curiam))).

However, because *Walmart* was decided after the district court issued its order, the district court has not had the opportunity to consider the impact of the case—specifically, whether there is any convincing evidence that the California

Supreme Court would decide the issue differently than the California Court of Appeal did in *Walmart*. Accordingly, we vacate the district court's order granting Nestlé's motion to dismiss and remand for the district court to consider the *Walmart* decision in the first instance.

To the extent that the *Walmart* decision may inform the district court's analysis on the issue of standing under *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), we vacate and remand as to the conclusion that Plaintiffs failed to allege standing to seek injunctive relief as well.

**VACATED AND REMANDED for further proceedings consistent with this memorandum disposition.**