**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VERN ELMER, | No. 15-17407 |
| Plaintiff-Counter-Defendant-Appellant, | D.C. No. 2:14-cv-01999-GMN-NJK |
| v. | |
| JPMORGAN CHASE & CO., a National Association; et al., | MEMORANDUM[*] |
| Defendants-Counter-Plaintiffs-Appellees, | |
| FEDERAL HOUSING FINANCE AGENCY, Conservator of the Federal National Mortgage Association, | |
| Intervenor-Defendant-Appellee, | |
| and | |
| MTC FINANCIAL, INC. and SUNRISE RIDGE MASTER HOMEOWNERS ASSOCIATION, | |
| Counter-Defendants. | |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Argued and Submitted February 17, 2017
San Francisco, California

Before: BERZON and CLIFTON, Circuit Judges, and MUELLER,[**] District Judge.

Vern Elmer appeals the district court's order granting Federal Home Loan Mortgage Corporation and intervenor Federal Housing Finance Agency's motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Elmer argues that the district court erred in concluding that the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), preempts Nevada Revised Statutes § 116.3116, and thus invalidates the purported extinguishment of Freddie Mac's interest in the property Elmer purchased through the homeowners association ("HOA") foreclosure sale. As we recently concluded in *Berezovsky v. Moniz*, No. 16-15066, 2017 WL 3648519 (9th Cir. Aug. 25, 2017), the Federal Foreclosure Bar preempts the Nevada law to the extent that the Nevada law would permit a foreclosure on a superpriority lien to extinguish Freddie Mac's interest, without the

---

[**] The Honorable Kimberly J. Mueller, United States District Judge for the Eastern District of California, sitting by designation.

Agency's consent, while Freddie Mac is under the Agency's conservatorship. *See*

*also Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1063 (9th Cir. 2014)

(quoting *Arizona v. United States*, 567 U.S. 387, 399 (2012)).[1] The district court

properly concluded that the HOA sale did not extinguish Freddie Mac's interest in

the deed of trust.

Elmer also argues that the district court erred in granting Freddie Mac and

the Agency's motion for summary judgment because there were genuine issues of

material fact regarding whether the Agency and Freddie Mac possessed an interest

in the property at the time of the HOA sale. Elmer contends that Freddie Mac did

not offer sufficient evidence of its interest and that Freddie Mac's interest was

unenforceable. We reject both contentions, as we did in *Berezovsky*.

Freddie Mac offered reliable and uncontroverted evidence of its interest in

the property on the date of the foreclosure. Freddie Mac provided a record from its

---

[1] Community Associations Institute, amicus curiae, argues that the Agency lacks standing to assert its claim regarding the preemptive effect of 12 U.S.C. § 4617(j)(3). We disagree. The Agency, as conservator of Freddie Mac, has standing to assert claims in protection of Freddie Mac's property interests. *See* 12 U.S.C. § 4617(b)(2)(A)(i) (stating that the Agency succeeded to "all rights, titles, powers, and privileges of [Freddie Mac]"). Freddie Mac's interest would be extinguished if the Nevada law were not preempted by 12 U.S.C. § 4617(j)(3), that injury is traceable to the conduct at issue in this litigation, and that injury would be redressed by a decision that the federal law protected against the extinguishment of the interest. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted).

internal database stating that the loan's "funding date" was October 24, 2005, well before the November 2012 HOA sale. Freddie Mac's employee explained that the record indicates that Freddie Mac acquired ownership of the loan on October 24, 2005, and has owned it ever since. Elmer argues that the record could mean something other than the employee's sworn declaration indicates, such as that Freddie Mac guaranteed rather than owned the loan. Elmer has not, however, offered any evidence in support of his argument. He has therefore failed to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Because Elmer did not "come forward with 'specific facts showing that there is a genuine issue for trial,'" summary judgment was proper. *Id.* at 587 (quoting Fed. R. Civ. Proc. 56(e) (2009) (amended 2010)).

Elmer also argues that the district court erred in granting summary judgment to Freddie Mac and the Agency because any interest Freddie Mac held at the time of the HOA sale was unenforceable. In support of this argument, Elmer cites Freddie Mac's failure to record its interest before the HOA sale. Addressing the same argument in *Berezovsky*, we concluded that Freddie Mac's property interest is valid and enforceable under Nevada law even if the recorded document omits

4

Freddie Mac's name, if the recorded beneficiary of the deed of trust is a party acting on Freddie Mac's behalf. *See Berezovsky*, 2017 WL 3648519, at \*7.

Amicus curiae Community Associations Institute contends that the Agency cannot demonstrate an interest in the property because Mortgage Electronic Registration Systems, Inc., as the beneficiary of the deed, held the property in trust. CAI asserts that 12 U.S.C. § 4617(b)(19)(B) indicates that any mortgage held in trust is not Freddie Mac's asset and therefore that the Agency could not have succeeded to the interest. "Generally, we do not consider on appeal an issue raised only by an amicus." *United States v. Gementera*, 379 F.3d 596, 607 (9th Cir. 2004) (quoting *Swan v. Peterson*, 6 F.3d 1373, 1383 (9th Cir. 1993)) (internal quotation marks omitted); *see also Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) (explaining that "[a]n amicus curiae generally cannot raise new arguments on appeal," and that "arguments not raised by a party in an opening brief are waived.") (citations omitted).

CAI's argument also fails on the merits. The plain language of the section cited by CAI prohibits creditors from drawing on assets held in trust to satisfy creditors' claims; it does not bar the Agency from succeeding to Freddie Mac's interest in the assets. *See* 12 U.S.C. § 4617(b)(19)(B)(i).

**AFFIRMED.**