**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SATICOY BAY, LLC, Series 2714
Snapdragon,

Plaintiff-Appellant,

v.

FLAGSTAR BANK, FSB; BRYANT
SPARKS; KATHERINE SPARKS,

Defendants-Appellees.

No.    16-15478

D.C. No. 2:13-cv-01589-JCM-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 18, 2017[**]
San Francisco, California

Before:  HAWKINS, W. FLETCHER, and TALLMAN, Circuit Judges.

Plaintiff Saticoy Bay, LLC, Series 2714 Snapdragon ("Saticoy") appeals the

district court's grant of summary judgment for Defendant Flagstar Bank, FSB

("Flagstar").  We have jurisdiction under 28 U.S.C. § 1291, and we review a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

district court's grant of summary judgment *de novo*. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm.

After Bryant and Katherine Sparks failed to pay homeowners association ("HOA") dues, Eastbridge Gardens Condominiums Homeowners Association sold Saticoy the Sparks' property at a non-judicial foreclosure sale without first obtaining consent of the owner of beneficial interest, Fannie Mae. Saticoy sought declaratory relief and to quiet title in Nevada state court, Flagstar removed the case, and the federal district court granted Flagstar summary judgment based on federal preemption. Saticoy argues Flagstar did not have standing to assert federal preemption, Fannie Mae was not the owner of the property, and the "new evidence" presented in support of summary judgment was insufficient. These arguments are unavailing.

The Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), which prohibits foreclosure of federally owned or controlled property "without the consent of the Agency," preempts Nevada HOA superpriority liens under Nev. Rev. Stat. 116.3116(2). *Berezovsky v. Moniz*, 869 F.3d 923, 931 (9th Cir. 2017). Without the consent of the Federal Housing Finance Agency, Fannie Mae's Conservator, the foreclosure and sale of Fannie Mae's property to Saticoy was unlawful.

Flagstar, as the loan servicer, acts as Fannie Mae's agent, and has standing to assert a claim of federal preemption. *See id.* at 932; *Nationstar Mortg., LLC v.*

*SFR Invs. Pool 1, LLC*, 396 P.3d 754, 758 (Nev. 2017). Furthermore, Flagstar established that there were no genuine issues of material fact regarding Fannie Mae's ownership. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Flagstar's discussion of evidence in its reply brief was not new evidence before the district court, *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010), and its affidavit and documentary evidence were properly considered, *see Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 (9th Cir. 2012). Additionally, Saticoy did not conduct discovery or provide any evidence to show more than a "metaphysical doubt as to the material facts" that would preclude summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Costs are awarded to Flagstar.

**AFFIRMED.**