# IN THE SUPREME COURT OF THE STATE OF NEVADA

A&I LLC SERIES 3, A NEVADA
LIMITED LIAIBILITY COMPANY,
Appellant,
vs.
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,; AND BANK OF
AMERICA, N.A.,
Respondents.

No. 71124



FILED

JUL 1 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

Appellant takes issue with the district court's conclusions that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 when a regulated entity owns the mortgage loan while under the conservatorship of the Federal Housing Finance Agency (FHFA), that respondents can assert the Federal Foreclosure Bar, and that neither respondent Federal National Mortgage Association (Fannie Mae) nor the FHFA waived the Federal Foreclosure Bar or consented to the extinguishment of Fannie Mae's interest in the subject property. These arguments are foreclosed by our recent decisions in *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Association*, 134 Nev., Adv. Op. 36, ___ P.3d ___ (2018), and *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev., Adv. Op. 34, 396 P.3d 754 (2017).

18-26214

None of appellant's other arguments alter the conclusion that the Federal Foreclosure Bar prevented the HOA's foreclosure sale from extinguishing the deed of trust. First, the due-process arguments fail because the action complained of is Congress's enactment of the Federal Foreclosure Bar and appellant did not have a property interest at that time. And, even if appellant did have a property interest at that time or had standing to assert any such interest on behalf of the HOA, *contra Opportunity Homes, LLC v. Fed. Home Loan Mortg. Corp.*, 169 F. Supp. 3d 1073, 1076 (D. Nev. 2016) (concluding that purchaser at HOA foreclosure sale lacks standing to assert HOA's due process rights), the legislative process provided all the process that was due. *E.g.*, *Skylights LLC v. Byron*, 112 F. Supp. 3d 1145, 1153-55 (D. Nev. 2015). Second, even assuming that the subject loan or deed of trust was securitized, it remained an asset or property of Fannie Mae while it was under the FHFA's conservatorship, considering the evidence in the record that Fannie Mae securitizes a pool of residential mortgage loans by depositing them into a common-law trust of which Fannie Mae is the trustee.[1] *See, e.g.*, *Paloian v. LaSalle Bank, N.A.*,

---

[1]We disagree with appellant's reliance on 12 U.S.C. § 4617(b)(19)(B) as support for the proposition that neither the FHFA nor Fannie Mae own a loan or deed of trust that has been securitized. *See Elmer v. JPMorgan Chase & Co.*, 707 F. App'x 426, 429 (9th Cir. 2017) (unpublished) (rejecting argument based on 12 U.S.C. § 4617(b)(19)(B) that the FHFA had not demonstrated an interest in the property where MERS held the property in trust because the statute's plain language "prohibits creditors from drawing on assets held in trust to satisfy creditors' claims; it does not bar the [FHFA] from succeeding to [the regulated entity's] interest in the assets" held in trust).

619 F.3d 688, 691 (7th Cir. 2010) ("In American law, a trustee is the legal owner of the trust's assets.").

Having considered the parties' arguments and determined that the district court did not err in applying the Federal Foreclosure Bar to grant summary judgment in favor of respondents,[2] we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Hon. Kenneth C. Cory, District Judge
       Janet Trost, Settlement Judge
       Clark Newberry Law Firm
       Akerman LLP/Las Vegas
       Aldridge Pite, LLP
       Asim Varma
       Fennemore Craig P.C./Reno
       Eighth District Court Clerk

---

[2]The district court's alternative ground for granting summary judgment in favor of respondents, that NRS 116.3116-.31168 violate due process is unsound in light of our subsequent decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017). We may affirm nonetheless because the district court properly granted summary judgment based on the Federal Foreclosure Bar.

SUPREME COURT
OF
NEVADA

(O) 1947A