

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JP MORGAN CHASE BANK; et al., | No.   17-15680 |
| Plaintiffs-Appellees, | D.C. No.<br>2:15-cv-01701-JCM-VCF |
| v. | |
| LAS VEGAS DEVELOPMENT GROUP, LLC, | MEMORANDUM\* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 15, 2018\*\*
San Francisco, California

Before:  THOMAS, Chief Judge, KLEINFELD, Circuit Judge, and WU,\*\*\* District Judge.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

Las Vegas Development appeals from the district court's grant of summary judgment in favor of JP Morgan Chase ("JP Morgan"), the Federal Home Loan Mortgage Corporation ("Freddie Mac"), and the Federal Housing Finance Agency (the "Finance Agency"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We AFFIRM.

In 2006, a couple named the Browns purchased real property (the "Property") in Nevada that was part of a homeowners' association. The Browns financed the property with a mortgage loan that Freddie Mac eventually bought. When the Browns failed to pay their homeowners' association fees, the homeowners' association foreclosed on their property. The homeowners' association held a foreclosure sale, bought the property, and then sold it to Las Vegas Development.

Freddie Mac and the Finance Agency, Freddie Mac's conservator, filed an action to quiet title and for declaratory relief. The district court granted summary judgment in favor of Freddie Mac and the Finance Agency, and held that the Federal Foreclosure Bar, 12 U.S.C. § 4617, preempts Nevada Revised Statute §

116.3116 and prevents the homeowners' association sale from extinguishing the Finance Agency's interest. As a result, Freddie Mac and the Finance Agency retained an interest in the property.

Because the district court's decision was in accordance with <u>Berezovksy v. Moniz</u>, 869 F.3d 923 (9th Cir. 2017), the district court's judgment is AFFIRMED.

**1.** First, Las Vegas Development argues that the homeowners' association had a superpriority lien pursuant to Nevada Revised Statute § 116.3116 that allowed it to sell the Property without the Finance Agency's consent. However, the Federal Foreclosure Bar, 12 U.S.C. § 4617, preempts Nevada Revised Statute § 116.3116 and prevents the homeowners' association sale from extinguishing the Finance Agency's interest. <u>See</u> <u>Berezovsky</u>, 869 F.3d at 931.

**2.** Las Vegas Development also argues that Freddie Mac produced insufficient evidence of a property interest. Freddie Mac, however, produced sufficient evidence by providing printouts of its internal database records. <u>Id</u>. at 932-33; <u>Elmer v. JP Morgan Chase & Co.</u>, 707 F. App'x 426, 428 (9th Cir. 2017).

3

**3.** Las Vegas Development also argues that Freddie Mac lacked an enforceable property interest because Freddie Mac was not the record beneficiary of the deed of trust. However, Freddie Mac still held an enforceable property interest because the record beneficiary was Freddie Mac's agent. See Berezovsky, 869 F.3d at 932-33; Fed. Home Loan Mortg. Corp. v. SFR Inv. Pool 1, LLC, 893 F.3d 1136 (9th Cir 2018).

**4.** Las Vegas Development also claims that JP Morgan's claim is barred by the statute of limitations. However, Las Vegas Development waived this defense by not including it in its opposition to JP Morgan's motion for summary judgment. See USA Petroleum Co. v. Atl. Richfield Co., 13 F.3d 1276, 1284 (9th Cir. 1994). While Las Vegas Development attempted to incorporate its answer in its opposition to the motion for summary judgment by referring to "all pleadings and papers," such an incorporation by reference does not suffice. See Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1029 (9th Cir. 2001).

**5.** Lastly, Las Vegas Development claims that the district court improperly granted summary judgment because no discovery had yet occurred. However, Las Vegas Development was required to object to a lack of discovery and request

appropriate relief under Rule 56(d) and did not.  <u>See</u> Fed. R. Civ. P. 56(d).  Instead, it objected in its opposition brief.  A "[f]ailure to comply with the requirements of Rule 56(f)[1] is grounds for denying discovery and proceeding to summary judgment."  <u>Weinberg v. Whatcom Cty.</u>, 241 F.3d 746, 751 (9th Cir. 2001).

For these reasons, the district court's judgment is **AFFIRMED**.

---

[1] Fed. R. Civ. P. 56(d) was formerly Fed. R. Civ. P. 56(f).