

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| G & P INVESTMENT ENTERPRISES, LLC, | No.    16-16557 |
| Plaintiff-counter-defendant-Appellant, | D.C. No. 2:15-cv-00907-JCM-NJK |
| v. | MEMORANDUM[*] |
| GEORGE H. BARNEY III and MTC FINANCIAL, INC., | |
| Defendants, | |
| and | |
| WELLS FARGO BANK, N.A.; et al., | |
| Defendants-counter-claimants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding
Submitted October 15, 2018[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, KLEINFELD, Circuit Judge, and WU,*** District Judge.

G&P Investment Enterprises, LLC ("G&P") appeals from a district court order granting summary judgment in favor of George H. Barney III, Wells Fargo Bank, Federal Home Loan Mortgage Corporation ("Freddie Mac"), and the Federal Housing Finance Agency ("Finance Agency") pursuant to the Federal Foreclosure Bar, 12 U.S.C. § 4617.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We AFFIRM.

Barney purchased a tract of real property (the "Property") that was part of a homeowners' association in Nevada. Barney took out a loan with Wells Fargo to finance the purchase. Freddie Mac then purchased the loan, recorded its funding date, and had Wells Fargo act as its servicing agent. When Barney failed to pay his fees to the homeowners' association, the homeowners' association foreclosed on the Property. G&P purchased the Property at a foreclosure sale.

---

*** The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

[1] MTC Financial, Inc. was dismissed from this action by stipulation by the state court prior to removal.

G&P sued Freddie Mac, Wells Fargo, Barney, and the Finance Agency to quiet title, claiming superior title under Nevada Revised Statute § 116.3116. Because G&P's arguments are foreclosed by Berezovsky v. Moniz, 869 F.3d 923 (9th Cir. 2017), we AFFIRM the district court's judgment.

**1.** G&P claims that the homeowners' association had a "superpriority" lien that allowed it to sell the Property in a nonconsensual sale, free and clear of the Finance Agency's interest pursuant to Nevada Revised Statute § 116.3116. That statute, however, is preempted by the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3). See Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC, 893 F.3d 1136, 1147 (9th Cir. 2018); Berezovsky, 869 F.3d at 931.

**2.** G&P argues that Freddie Mac did not provide enough evidence of its property interest. Freddie Mac, however, provided sufficient evidence in the form of its internal database records. See Fed. Home Loan Mortg. Corp., 893 F.3d at 1149; Berezovsky, 869 F.3d at 932 n.8; Elmer v. JP Morgan Chase & Co., 707 F. App'x 426, 428 (9th Cir. 2017).

**3.** G&P argues that Freddie Mac did not have a valid and enforceable property interest, because the recorded deed of trust omitted Freddie Mac's name. Freddie Mac, however, recorded its agent's name which sufficed to create a valid and enforceable property interest. See Fed. Home Loan Mortg. Corp., 893 F.3d at 1150; Berezovsky, 869 F.3d at 932-33.

**4.** G&P argues that when Freddie Mac listed its agent on the recorded interest, Freddie Mac "split" the note from the deed of trust. But a note owner maintains an enforceable interest in property even after the note is split from the deed of trust if it has an agency relationship with the recorded beneficiary. The note owner retains authority to direct the beneficiary to foreclose on its behalf. See Fed. Home Loan Mortg. Corp., 893 F.3d at 1150; Berezovsky, 869 F.3d at 932-33.

**5.** G&P argues that the Federal Foreclosure Bar does not apply because its consent requirement only applies to tax-related foreclosures. The protection provided by the Federal Foreclosure Bar, however, "cannot fairly be read as limited to tax liens because . . . [the statute] includes no language limiting its general applicability provision to taxes alone." See Berezovsky, 869 F.3d at 929.

4

**6.** Lastly, G&P argues that the Federal Foreclosure Bar is unconstitutional because it deprives parties of a property interest in violation of due process of law. G&P, however, lacks standing to bring a due process claim on behalf of the homeowners' association.  See <u>Berezovsky</u>, 869 F.3d at 927 n.2 (citing <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560 (1992)).

For these reasons, the district court's judgment is **AFFIRMED**.