**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DITECH FINANCIAL, LLC, FKA Green Tree Servicing, LLC,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>SFR INVESTMENTS POOL 1, LLC; et al.,<br><br>        Defendants-Appellees. | No.   17-16576<br><br>D.C. No.<br>2:15-cv-00476-JCM-CWH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted November 13, 2019[**]
Pasadena, California

Before: GRABER, BERZON, and CHRISTEN, Circuit Judges.

Plaintiff-Appellant Ditech Financial, LLC, appeals the district court's order

denying its motion for summary judgment and granting summary judgment for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

SFR Investments Pool 1, LLC and the Elkhorn Community Association, a homeowners association ("HOA"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review *de novo* a district court's grant of summary judgment. *Berezovsky v. Moniz*, 869 F.3d 923, 927 (9th Cir. 2017). We reverse and remand with directions to enter judgment in favor of Ditech.

Fannie Mae acquired the loan for the subject property in 2007. In 2012, Elkhorn sold the property to SFR in a nonjudicial foreclosure sale authorized by a Nevada law that grants an HOA a "superpriority" lien for certain unpaid fees. *See* NEV. REV. STAT. § 116.3116; *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 365 (Nev. 2018) (en banc). Ditech sought to obtain declaratory relief and to quiet title, arguing that the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), barred the HOA foreclosure sale from extinguishing Fannie Mae's property interest.

The Federal Foreclosure Bar preempts Nevada's superlien law when applied to assets of the Federal Housing Finance Agency (FHFA). *Berezovsky*, 869 F.3d at 931. "[T]he Federal Foreclosure Bar applies to any property for which the [FHFA] serves as conservator and immunizes such property from any foreclosure without [FHFA] consent." *Id.* at 928 (citing § 4617(j)(1), (3)); *see also Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1140–41 (9th Cir. 2018),

*cert. denied*, 139 S. Ct. 1618 (2019) (mem.). Fannie Mae has been in FHFA conservatorship since 2008. *SFR Invs. Pool 1*, 893 F.3d at 1140.

**1.** The district court erred by misidentifying the federal agency with a property interest in this case and by concluding that the Federal Foreclosure Bar did not apply. Because Fannie Mae owned the loan at the time of the HOA foreclosure sale, the sale involved an asset owned by the FHFA, not the Federal Housing Administration (FHA). The Federal Foreclosure Bar therefore applied and prevented Fannie Mae's interest from being extinguished by the sale.

**2.** Elkhorn argues that the Federal Foreclosure Bar does not apply because Ditech lacks standing to raise it and neither Fannie Mae nor the FHFA is a named party. Ditech, as the loan servicer, acts as Fannie Mae's agent and has standing to assert the Federal Foreclosure Bar. *See Berezovsky*, 869 F.3d at 932 (discussing the agency relationship between Freddie Mac and its loan servicer).

**3.** SFR argues that, because the deed of trust did not name Fannie Mae as the record beneficiary, Fannie Mae failed to comply with Nevada's recording statutes and therefore lacked an enforceable property interest. We rejected this argument in *Berezovksy*. 869 F.3d at 932; *see also SFR Invs. Pool 1*, 893 F.3d at 1149. The Nevada Supreme Court has since confirmed our interpretation of state law, explaining that Nevada's recording statutes do not require that Fannie Mae "be

identified as the beneficiary on the publicly recorded deed of trust to establish its ownership interest in the subject loan." *Daisy Trust v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 847 (Nev. 2019) (en banc).

**4.** Elkhorn and SFR argue that, even if the Federal Foreclosure Bar might apply, there is a triable issue as to whether Fannie Mae owned the deed of trust at the time of the foreclosure sale.

Ditech supported its summary judgment motion with business records, employee declarations, and Fannie Mae's Servicing Guide. We have accepted the same types of evidence as sufficient to obtain summary judgment in other cases applying the Federal Foreclosure Bar. *See, e.g.*, *Berezovsky*, 869 F.3d at 932 & n.8; *Elmer v. JPMorgan Chase & Co.*, 707 F. App'x 426, 428 (9th Cir. 2017) (unpublished); *accord Daisy Trust*, 445 P.3d at 847, 849–51.

Elkhorn and SFR rely on an erroneous view of Nevada law to argue that Ditech failed to establish that Fannie Mae owned the deed of trust at the time of the foreclosure sale. Because Fannie Mae was not required to record its interest publicly, the absence of such a record does not create a material factual dispute. *See Berezovsky*, 869 F.3d at 932–33; *Daisy Trust*, 445 P.3d at 847.

SFR contends that Ditech's evidence of Fannie Mae's ownership interest is incomplete and unreliable. Contrary to SFR's assertions, the employees'

declarations are consistent as to the time period in which Fannie Mae acquired the loan, which was years before the foreclosure sale. By contending that screenshots of Fannie Mae's database records cannot be used to establish its ownership interest, SFR ignores that we accepted similar "database printouts" in *Berezovsky*. 869 F.3d at 932 n.8; *see also Elmer*, 707 F. App'x at 428. SFR contends that there is a factual dispute as to whether Fannie Mae transferred its ownership interest before the foreclosure sale, but cites no evidence that could show Fannie Mae lacked a protected property interest.[1] SFR's other efforts to discredit Ditech's evidence are unavailing.

**5.** Neither Elkhorn nor SFR points to evidence before the district court that created a genuine dispute of material fact that would preclude granting summary judgment in favor of Ditech. *See Berezovsky*, 869 F.3d at 933.

Because the Federal Foreclosure Bar's application is dispositive, we need not address the other issues raised by the parties.

**REVERSED** and **REMANDED**, with directions to enter judgment in favor of Ditech.

---

[1] To the extent SFR suggests that the Federal Foreclosure Bar does not apply to securitized mortgage loans held in trust by the FHFA, we have rejected that argument. *See SFR Invs. Pool 1*, 893 F.3d at 1142, 1144–45.