NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>AIRMOTIVE INVESTMENTS, LLC,<br><br>Defendant-Appellant,<br><br>and<br><br>D'ANDREA COMMUNITY ASSOCIATION,<br><br>Defendant. | No. 18-15342<br><br>D.C. No.<br>3:15-cv-00377-RCJ-VPC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted December 10, 2019**
Pasadena, California

Before: BEA, COLLINS, and BRESS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Defendant Airmotive Investments, LLC appeals the district court's grant of summary judgment in favor of plaintiff Nationstar Mortgage LLC. We assume familiarity with the facts and procedural history and discuss them only as necessary to explain our decision. The district court granted summary judgment to Nationstar based on *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1156 (9th Cir. 2016). However, in light of the Nevada Supreme Court's subsequent decision in *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1250–53 (Nev. 2018), "*Bourne Valley* no longer controls the analysis" and "Nev. Rev. Stat. § 116.3116 *et seq.* is not facially unconstitutional." *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 624 (9th Cir. 2019).

We nevertheless "may affirm on any basis supported by the record, whether or not relied upon by the district court." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013). We do so here. Nationstar had also moved for summary judgment based on the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), which prohibits nonconsensual foreclosure on assets owned by Fannie Mae while it is under the Federal Housing Finance Agency's conservatorship. *See Berezovsky v. Moniz*, 869 F.3d 923, 931 (9th Cir. 2017). The Federal Foreclosure Bar preempts Nevada's superpriority lien law, *see* Nev. Rev. Stat. § 116.3116 (2013), to the extent it allows such foreclosures. *See Berezovsky*, 869 F.3d at 930–31.

There is no dispute that Fannie Mae was under the Federal Housing Finance Agency's conservatorship at the time of the foreclosure sale at issue, or that the Agency did not consent to the sale. The only question is whether Fannie Mae owned the loan at the time of the sale. While the district court found there were disputed issues of fact on this point, subsequent decisions from this Court and the Nevada Supreme Court confirm that Nationstar was entitled to summary judgment on this ground. Nationstar introduced uncontroverted business records demonstrating that Fannie Mae purchased the loan in 2007 and continued to own it during the foreclosure sale in December 2013. Nationstar also submitted declarations from Fannie Mae employees confirming that Fannie Mae owned the loan at the time of the foreclosure sale. Various cases have now held that such evidence suffices to establish Fannie Mae's ownership of the loan, "even if the recorded deed of trust names only the owner's agent." *Berezovsky*, 869 F.3d at 932; *see also, e.g.*, *Williston Inv. Grp., LLC v. JP Morgan Chase Bank, NA*, 736 F. App'x 168, 169 (9th Cir. 2018) (unpublished); *Elmer v. JPMorgan Chase & Co.*, 707 F. App'x 426, 428 (9th Cir. 2017) (unpublished); *SFR Invs. Pool 1, LLC v. Green Tree Servicing, LLC*, 432 P.3d 718, 2018 WL 6721370, at \*1–3 (Nev. 2018) (unpublished table decision). Accordingly, the Federal Foreclosure Bar protected Fannie Mae's deed of trust from extinguishment by the foreclosure sale.

The district court's judgment is therefore **AFFIRMED.**