NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALESSI & KOENIG, LLC, | No.  18-16166 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-00805-JCM-CWH |
| v. | |
| SATICOY BAY LLC SERIES 10250 SUN DUSK LN, | MEMORANDUM* |
| Defendant-Counter-Defendant-Appellant, | |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; FEDERAL HOUSING FINANCE AGENCY, as Conservator for the Federal National Mortgage Association, | |
| Defendants-Counter-Claimants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge

Submitted January 9, 2020**
Pasadena, California

─────────────

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WATFORD, BENNETT, and LEE, Circuit Judges.

Saticoy Bay LLC appeals the district court's grant of summary judgment for The Federal National Mortgage Association ("Fannie Mae") and the Federal Housing Finance Agency ("Agency"). We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the district court's grant of summary judgment. *See Berezovsky v. Moniz*, 869 F.3d 923, 927 (9th Cir. 2017). We affirm.

In August 2002, a deed of trust reflecting a loan was recorded against a Las Vegas residential property. Fannie Mae bought the loan in September 2002 and took ownership of the deed of trust. The property owner defaulted on assessments owed to a homeowners association ("HOA"). The foreclosure agent for the HOA, Alessi & Koenig, LLC, recorded a notice of default and election to sell, and on September 3, 2014, Saticoy bought the property without first obtaining the Agency's consent.

Alessi submitted a complaint in interpleader in Nevada state court, Fannie Mae removed to federal court, and the federal district court granted Fannie Mae summary judgment based on federal preemption. Saticoy timely appealed, arguing that the Nevada superpriority lien provision extinguished Fannie Mae's interest.

The Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), which prohibits foreclosure of federally owned or controlled property "without the consent of the Agency," preempts Nevada HOA superpriority liens under Nev. Rev. Stat.

2

§ 116.3116(2). *See Berezovsky*, 869 F.3d at 931. It is undisputed that (1) Fannie Mae held an interest in the property at the time of sale and was under the Agency's conservatorship, and (2) the Agency did not affirmatively consent to the foreclosure. Summary judgment was therefore proper.

Saticoy's other arguments are unavailing. This court will not infer the Agency's consent to the sale because § 4617(j)(3) "cloaks Agency property with Congressional protection unless or until the Agency affirmatively relinquishes it." *Id*. at 929. In addition, the terms of Fannie Mae's Servicing Guide do not negate § 4617(j)(3). Finally, Saticoy cannot escape the Federal Foreclosure Bar merely because Fannie Mae did not pay the property owner's overdue HOA fees. The homeowner was responsible for the fees, which were not in default until five years after the Agency's conservatorship began.

Finally, we note that Saticoy previously made many of the same arguments in *Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 F. App'x 658, 659 (9th Cir. 2017) — and this court rejected them. Indeed, this court has repeatedly rejected these same arguments in other cases. *See, e.g., Berezovsky*, 869 F.3d at 931; *Elmer v. JPMorgan Chase & Co.*, 707 F. App'x 426, 429 (9th Cir. 2017); *JP Morgan Chase Bank v. Las Vegas Dev. Grp., LLC*, 740 F. App'x 153, 154 (9th Cir. 2018); *Fed. Nat'l Mortg. Ass'n v. KK Real Estate Inv. Fund, LLC*, 772 F. App'x 552, 553 (9th Cir. 2019). Saticoy has other appeals pending before

this court advancing these same, explicitly rejected arguments.  The court cautions

Saticoy against pursuing non-meritorious appeals.

       **AFFIRMED**.