NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-15987 |
| Petitioner - Appellee, | D.C. No. 3:13-cv-04088-EMC |
| v. | |
| WEN-BING SOONG, | MEMORANDUM[*] |
| Respondent - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-15988 |
| Petitioner - Appellee, | D.C. No. 3:13-cv-04089-EMC |
| v. | |
| HSIN-JUNG SHIRLEY SOONG, | |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted May 10, 2016[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN and FRIEDLAND, Circuit Judges and LEFKOW,*** Senior District Judge.

Taxpayers Wen-Bing Soong and Hsin-Jung Shirley Soong, husband and wife, appeal from the district court's order denying their motion to dismiss two related petitions to enforce Internal Revenue Service (IRS) administrative summonses concerning their income tax liabilities for 2004 through 2007, and its order granting the petitions.   In both instances, they challenge personal jurisdiction based on the alleged inadequacy of service of process.   We have jurisdiction under 28 U.S.C. § 1291.   We may affirm on any ground supported by the record, *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013), and we affirm.

The Soongs are lawful permanent residents of the United States who own a home in Union City, California.   Unbeknownst to the IRS when it attempted to serve them at that home with summonses to produce information and records, and contrary to numerous documents sent to the IRS and other government agencies, the Soongs—according to declarations they filed after the IRS's attempts at service—had departed the United States for Taiwan and claimed to not intend to

***      The Honorable Joan H. Lefkow, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

return.   The Soongs contend that the district court lacked personal jurisdiction because the IRS failed to serve the district court summonses in Taiwan according to Federal Rule of Civil Procedure 4(f)'s provisions, which they assert was required as a result of the fact they were not located in the United States, and failed to serve the administrative summonses under 26 U.S.C. § 7603(a).

**1.**   Under Federal Rule of Civil Procedure 4, a person may be served in a foreign country according to the provisions of Rule 4(f).   Under subsection (e) of Rule 4, a person may also be served in the United States by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age, Fed. R. Civ. P. 4(e)(2)(B), or following state law for serving a summons in the state where the district court is located, Fed. R. Civ. P. 4(e)(1).   One manner of substituted service under the California Code of Civil Procedure, after a good faith effort at personal service has been attempted, involves:

> leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail,

3

postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20(b). The district court properly denied the Soongs' motion to dismiss on the basis of insufficient service of process because the Soongs failed to rebut the IRS's prima facie factual showing that the Union City, California address was their usual place of abode and usual mailing address.

The IRS's evidence included public records from Alameda County; California Department of Motor Vehicle records; and federal tax forms, state tax forms, and correspondence with both federal and state authorities sent by the Soongs, in which they repeatedly identified their Union City address as their residence.[1] The IRS also presented evidence that it had been corresponding by mail with the Soongs at their Union City address for months preceding the issuance of the summonses. The Soongs did not address the government's robust evidence or identify any communication to the IRS that their Union City address was no

---

[1] For the first time on appeal, the parties raise the competency and reliability of certain declarations submitted in the district court. Because neither party raised these evidentiary objections in the district court, we deem them waived. *See United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990) (explaining that to preserve an evidentiary issue for appeal, a party must make a timely and specific objection to evidentiary issues before the trial court); *see also Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1066-67 (9th Cir. 1996) (holding that a party waives an objection by failing to request a ruling on the admissibility of the evidence before the district court).

longer their dwelling house, usual place of abode, or usual mailing address, but instead merely offered declarations stating that Wen Bing and Hsin Jung had not been physically present in the United States since July 2007 and September 2009, respectively, and had opted to make Taiwan their "permanent home." Their adult son, Henry Soong, submitted a declaration to corroborate his parents' declarations, but he failed to contest the government's testimony that an IRS agent had, after first attempting to personally serve the summonses, delivered them to Henry at the Union City address and informed him of the contents of the delivery, and that he had informed the IRS agent that his parents were not there because they were currently "traveling."

The evidence supported the district court's conclusions that the Soongs' Union City address was one of their current dwellings, and that the IRS had effectively served the summonses and petitions to enforce the summonses under Rule 4(e)(2)(B) by leaving them with the Soongs' adult son at the Union City, California address.[2] The evidence was also ample to show that the Union City

---

[2] The Soongs do not argue that the district court erred by not holding an evidentiary hearing. In fact, when the district court raised whether the factual disputes required a hearing to permit the district court judge to weigh the evidence,

address was the Soongs' usual mailing address and that the IRS had effected

substituted service under California's Code of Civil Procedure as permitted by

Rule 4(e)(1).

**2.** "To obtain enforcement of a[n IRS] summons, the Government has the initial

burden of establishing a prima facie case showing that: (1) the investigation will be

conducted for a legitimate purpose, (2) the inquiry is relevant to the purpose,

(3) the information sought is not already within the IRS's possession, and (4) the

administrative steps required by the IRS Code have been followed." *United States*

*v. Richey*, 632 F.3d 559, 564 (9th Cir. 2011) (citing *United States v. Powell*, 379

U.S. 48, 57-58 (1964)). "The government's burden is a slight one, and may be

satisfied by a declaration from the investigating agent that the . . . requirements

have been met." *Id.* (quoting *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414

(9th Cir. 1993)). We review a district court's summons-enforcement decisions for

clear error. *Id.* at 563. Substantial compliance with § 7603(a) is sufficient if the

IRS acted in good faith and the taxpayer is not prejudiced, such as when the parties

received actual notice. *Richey*, 632 F.3d at 565.

---

counsel for the Soongs told the district court that the issue could be decided on the
papers.

Here, an IRS agent averred that all administrative steps required by the Internal Revenue Code for issuance of the summonses had been taken, and the district court agreed. The Soongs do not contest that the IRS satisfied the substantive requirements for enforcement of the summonses, and instead argue only that IRS's service of the summonses was inadequate because they no longer lived at the Union City address so could not be served there. For essentially the same reasons supporting the district court's service-of-process determination, the district court did not clearly err in holding that the Soongs had failed to rebut the IRS's showing that the summonses were delivered to the Soongs in Union City at their "last and usual place of abode." 26 U.S.C. § 7603.

In any event, the Soongs were not prejudiced by any alleged defect in the service of the summonses under § 7603 because they received actual notice of the summonses, the government acted in good faith, and the district court provided them an opportunity to respond on the merits. *See Richey*, 632 F.3d at 565 & 565 n.1.

**AFFIRMED.**