**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANE DOE, | No.22-16562 |
| *Plaintiff-Appellant*, | D.C. No. 3:19-cv-03310-JSC |
| v. | |
| UBER TECHNOLOGIES, INC.; RASIER, LLC; RASIER CA, LLC, | ORDER CERTIFYING QUESTION TO THE SUPREME COURT OF CALIFORNIA |
| *Defendants-Appellees.* | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline S. Corley, District Judge, Presiding

Argued and Submitted November 14, 2023
San Jose, California

Filed January 9, 2024

Before: Susan P. Graber, Richard A. Paez, and Michelle T.
Friedland, Circuit Judges.

Order

# SUMMARY[*]

## Certification Order / California Law

The panel certified the following questions to the California Supreme Court:

1.  What duty of care, if any, does Uber Technologies, Inc. owe a rideshare passenger who suffers an assault or other crime at the hands of an unauthorized person posing as an Uber driver?

2.  If there is a basis for holding that Uber owed such a duty of care, do the factors delineated in *Rowland v. Christian*, 69 Cal. 2d 108 (1968), counsel in favor of creating an exception to that duty in a category of cases involving rideshare companies and customers harmed by third-party conduct?

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## ORDER

We respectfully ask the California Supreme Court to answer the certified questions presented below because, pursuant to California Rule of Court 8.548, we have concluded that resolution of these questions of California law "could determine the outcome of a matter pending in [this] court," and there is no "controlling precedent."

This case involves the sexual assault of a rideshare passenger by an individual posing as an authorized Uber driver. The issue is whether Uber owed the passenger a duty of care because it created or contributed to her risk of sexual assault at the hands of an imposter driver.

For reasons we discuss below, we certify the following questions:

1.  What duty of care, if any, does Uber owe a rideshare passenger who suffers an assault or other crime at the hands of an unauthorized person posing as an Uber driver?

2.  If there is a basis for holding that Uber owed such a duty of care, do the *Rowland* factors counsel in favor of creating an exception to that duty in a category of cases involving rideshare companies and customers harmed by third-party conduct?

We recognize that our phrasing of these questions does not restrict the court's consideration of the issues involved and

that the court may rephrase the questions as it sees fit. We agree to accept the court's answers.

I.

We briefly summarize the material facts. In August 2018, Plaintiff Jane Doe requested that her boyfriend call her an Uber remotely because her phone had low battery. Plaintiff's phone, however, lost its charge, and she did not receive from her boyfriend the information identifying the authorized vehicle. Plaintiff then entered a car displaying an Uber decal that stopped in front of her. In fact, the driver—Brandon Sherman—was no longer employed by Uber, having been previously terminated for sexually assaulting two female passengers. Nonetheless, he retained and displayed the Uber decals. Sherman proceeded to kidnap and sexually assault Plaintiff, for which he was eventually prosecuted and convicted.

Plaintiff later filed this lawsuit against Uber Technologies, Inc., Rasier, LLC, and Rasier CA, LLC (collectively, "Uber"), alleging that the company was both vicariously liable for the misconduct of its ostensible agent and negligent in failing to keep its riders safe. At the motion to dismiss stage, the district court dismissed the vicarious liability claims but allowed the negligence claims to proceed. The district court ultimately granted Uber's motion for summary judgment on the negligence claims, holding that the negligence theory relevant here had been "foreclosed" by a recent California Court of Appeals case, *Jane Doe No. 1 v. Uber Techs., Inc.*, 79 Cal. App. 5th 410 (2022). The district court concluded based on *Jane Doe No. 1* that Uber did not owe Plaintiff a duty of care under California law.

"Certification is warranted if there is no controlling precedent and the California Supreme Court's decision could determine the outcome of a matter pending in our court." *Kuciemba v. Victory Woodworks, Inc.*, 31 F.4th 1268, 1271 (9th Cir. 2022), *certified question answered*, 14 Cal. 5th 993 (2023). This appeal "not only meets both criteria, but also presents issues of significant public importance for the State of California." *Id.* In particular, the California Supreme Court's answers to the questions presented above will clarify the scope of a merchant's liability in tort with respect to customers who experience foreseeable injury due to third-party conduct. This decision will have especially profound implications for online platform companies, including but not limited to those that, like Uber, provide ridesharing services. In fact, as we note further below, the answers to our questions will directly impact a large number of cases currently pending before state and federal courts in California.

## A.

"When interpreting state law, we are bound to follow the decisions of the state's highest court, and when the state supreme court has not spoken on an issue, we must determine what result the court would reach based on state appellate court opinions, statutes and treatises." *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021) (quoting *Diaz v. Kubler Corp.*, 785 F.3d 1326, 1329 (9th Cir. 2015)). "Decisions of the California Supreme Court, including reasoned dicta, are binding on us as to California law." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013). By contrast, decisions of the California Courts of Appeal "are persuasive but do not bind each other or us." *Id.* Still, "in the absence of convincing evidence that the highest court of the state would decide

differently, a federal court is obligated to follow the decisions of the state's intermediate courts." *In re Kirkland*, 915 F.2d 1236, 1238 (9th Cir. 1990) (internal quotation marks and citation omitted).

To begin, Section 1714(a) of the California Civil Code provides the "general rule" of duty in California:

> Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself.

This duty, though broad, has important limits. In particular, it "imposes a general duty of care on a defendant *only* when it is the defendant who has created a risk of harm to the plaintiff, including when the defendant is responsible for making the plaintiff's position worse." *Kuciemba v. Victory Woodworks, Inc.*, 14 Cal. 5th 993, 1016 (2023) (cleaned up) (emphasis added) (quoting *Brown v. USA Taekwondo*, 11 Cal. 5th 204, 214 (2021)).

A corollary of this *misfeasance* principle is that the law "does not impose the same duty on a defendant who did not contribute to the risk that the plaintiff would suffer the harm alleged." *Id.* (quoting *Brown*, 11 Cal. 5th at 214).[1] Thus,

---

[1] We note that the California Supreme Court has recently called into question the use of the term misfeasance. *See Brown*, 11 Cal. 5th at 215 n.6 ("Although our precedents have sometimes referred to the distinction between 'misfeasance' and 'nonfeasance,' we now understand this

when a defendant has "create[d] or contribute[d] to the [plaintiff's] risk of [harm]," the defendant owes the plaintiff a duty of care under Section 1714. *Id.* at 1017. This includes instances of "liability premised on the conduct of a third party," at least where the "defendant had a duty to prevent injuries due to its own conduct or possessory control." *Id.* at 1018 (emphasis omitted).**[2]**

One California court has recently considered whether Uber owes a duty of care under Section 1714 to the victims of sexual assaults committed by imposter drivers. In *Jane Doe No. 1 v. Uber Techs., Inc.*, 79 Cal. App. 5th 410 (2022), the plaintiffs—women who had been abducted and sexually assaulted by assailants posing as authorized Uber drivers— brought negligence claims against Uber, arguing that the company had created or contributed to their risk of harm and thus owed them a duty of care under Section 1714. The court rejected this argument, concluding that Uber did not owe the plaintiffs a duty of care because they failed to "allege[] actions by the Uber entities that created a peril, that is, an unreasonable risk of harm to others." *Id.* at 426 (internal quotation marks and citation omitted). As the court observed, "[a]lthough it is foreseeable that third parties could abuse the platform in this way, such crime *must be a 'necessary component'* of the Uber app or the Uber entities' actions in order for the Uber entities to be held liable, absent

---

terminology to be imprecise and prone to misinterpretation."). We use the term cautiously here to capture those situations where one's affirmative conduct creates or contributes to the risk of harm to another, such that a duty of care arises under California law.

[2] The resulting duty of care can be narrowed or excepted "when supported by compelling policy considerations," *Kuciemba*, 14 Cal. 5th at 1021, as determined upon analysis of the factors delineated in *Rowland v. Christian*, 69 Cal. 2d 108 (1968).

a special relationship between the parties." *Id.* at 415 (emphasis added). Because "[t]he violence that harmed the Jane Does—abduction and rape—is not a necessary component of the Uber business model," the court held Uber owed no duty of care to the Jane Does. *Id.* at 427–28. The California Supreme Court later declined to review or depublish the decision.

Relying in significant part on *Jane Doe No. 1*, the district court determined that Uber did not owe Plaintiff a duty of care. *See Doe v. Uber Techs., Inc.*, No. 19-CV-03310-JSC, 2022 WL 4281363, at *2 (N.D. Cal. Sept. 15, 2022) (concluding that each of Plaintiff's legal theories was "foreclosed" by *Jane Doe No. 1*). Specifically, the court adopted and applied *Jane Doe No. 1*'s "necessary component" test, determining that none of Plaintiff's various legal theories survived. *Id.* at *4. As a result, "even drawing all reasonable inferences from the evidence in Plaintiff's favor, Uber did not have a duty under California law to Plaintiff." *Id.*

While this appeal was pending, however, the California Supreme Court decided *Kuciemba v. Victory Woodworks, Inc.*, 14 Cal. 5th 993 (2023), a case that calls into question whether the court would decide the issue presented in *Jane Doe No. 1* similarly. In *Kuciemba*, the defendant had violated a county health order by transferring employees who had been exposed to COVID-19 to a different worksite. As a result, an employee had contracted COVID-19, which he later transmitted to his wife. The question presented in *Kuciemba* was whether the defendant owed the employee's wife a duty of care under Section 1714 because it had created or contributed to her risk of harm.

The *Kuciemba* court concluded that the defendant did owe the employee's wife a duty of care because it had "created a risk of harm by violating a county health order designed to limit the spread of COVID-19." *Id*. at 1018. More precisely, the plaintiffs had plausibly alleged that "[the employee's wife] was harmed by [the defendant's] *own* misconduct in transferring potentially infected workers to [the employee's] jobsite." *Id.* at 1017. Thus, the court concluded that the plaintiffs' allegations "raise[d] a claim that [the defendant] violated its obligation 'to exercise due care in [its] own actions so as not to create an unreasonable risk of injury to others.'" *Id.* at 1018 (citing *Lugtu v. Cal. Highway Patrol*, 26 Cal. 4th 703, 716 (2001)). "The fact that the alleged violation resulted in injury beyond the workplace, when the contagion was spread by an innocent third party, [did] not change the analysis." *Id.*

This analysis appears to conflict with the "necessary component" test applied in *Jane Doe No. 1*. Although the plaintiffs in *Kuciemba* alleged that the defendant had created the wife's risk of harm, the California Supreme Court did not apply a "necessary component" test to the defendant's conduct. *Id* at 1017. Instead, the court expressly stated that the "proper question . . . [was] whether the defendant's 'entire conduct created a risk of harm' to the plaintiff." *Id.* (quoting *Brown*, 11 Cal. 5th at 215 n.6). Moreover, it did not matter that the defendant was not the "immediate cause" of the plaintiff's harm, for an "exclusive focus on causation in this context [was] inconsistent with [the court's] case law." *Id.* The court accordingly rejected arguments that the defendant needed to have "created the virus itself to owe a duty of care" or "use[d] the . . . virus in its business or obtain[ed] any commercial benefit from it." *Id.* at 1019. Such arguments did not "exempt [the defendant] from the default

duty to use due care in its operations to avoid foreseeable injuries," including the virus's transmission from an employee to his household. *Id.*

In addition, and further increasing our doubt that the California Supreme Court would agree with the analysis in *Jane Doe No. 1*, we are aware of no other California court that has followed that decision's reasoning. In fact, the only court to have considered the decision at all has declared that the "necessary component" test's application is unconvincing. *See Hacala v. Bird Rides, Inc.*, 90 Cal. App. 5th 292, 318 n.11 (2023) (observing the court was "not convinced that [the "necessary component" test] is relevant to the first step of the duty inquiry" (citation omitted)).

In summary, no "controlling precedent" resolves whether Uber owed Plaintiff a duty of care, and we are in doubt as to the answer the California Supreme Court would give to this important question of California law. Moreover, and by extension, no California court has yet considered whether public policy favors creating an exception to such a duty under a *Rowland* analysis. The ultimate answers to these questions, however, will have significant economic and policy impacts on the State of California. They therefore readily meet the "high standard for certification" this court has previously required. *Gantner v. PG&E Corp.*, 26 F.4th 1085, 1090 (9th Cir. 2022); *see also Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003) (observing that certification is invoked "only after careful consideration" and is "reserved for state law questions that present significant issues"). Indeed, as noted above, this case will broadly clarify the scope of a merchant's liability in tort with respect to customers who experience foreseeable injury as a result of third-party conduct. In fact, a remarkable number of pending cases—coordinated in federal multi-district litigation

(MDL) and California Judicial Council Coordination Proceedings (JCCPs)—will be directly affected by the answers to our questions. *See In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, No. MDL 3084, 2023 WL 6456588, at *1 (J.P.M.L. Oct. 4, 2023) ("Uber MDL") (MDL before the Northern District of California involving plaintiffs who allege that "Uber failed to implement appropriate safety precautions to protect passengers, and that plaintiffs suffered sexual assault or harassment as a result");[3] Order Granting Petition for Coordination and Request for a Stay at 2, In re: Uber Sexual Assault Cases, No. CJC21005188 (Cal. Super. Ct. Dec. 9, 2021) ("Uber JCCP") (coordinating "actions aris[ing] out of Plaintiffs' use of the Uber app resulting in alleged sexual assault . . . by their Uber driver");[4] Court's Ruling and Order re: Petition for Coordination at 2, In re: Lyft Assault Cases, No. CJC20005061 (Cal. Super. Ct. Jan. 8, 2020) ("Lyft JCCP") (coordinating actions where "Plaintiffs were Lyft passengers who were sexually assaulted by sexual predators driving for Lyft").[5] We thus conclude that "the spirit of comity and federalism dictates that California's courts be offered the

---

[3] The Uber MDL originally consisted of 22 actions. As of December 1, 2023, the MDL consisted of at least 182 actions. Further, and as recognized by the Judicial Panel in its original order, a significant number of these actions arise out of California and will thus be determined according to California state law. *See In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, No. MDL 3084, at *2 (observing that 62 of the 79 actions initially noticed by the Judicial Panel when rendering its order were pending in the Northern District of California).

[4] The Uber JCCP originally consisted of 86 cases. As of September 27, 2023, the JCCP consisted of at least 234 cases.

[5] The Lyft JCCP originally consisted of 15 actions. Like the Uber MDL and Uber JCCP, it has continued to accumulate add-on cases.

opportunity to answer [the certified questions] . . . in the first instance." *Kuciemba*, 31 F.4th at 1273 (internal quotation marks and citation omitted).

### B.

In addition, "[r]esolving [these questions] will dispose of this appeal." *Id.* As discussed above, the district court concluded that, "under [*Jane Doe No. 1*], even drawing all reasonable inferences from the evidence in Plaintiff's favor, Uber did not have a duty under California law to Plaintiff." *Doe*, No. 19-CV-03310-JSC, 2022 WL 4281363, at *4. If this holding was correct, the district court's ruling on Uber's motion for summary judgment would likely be affirmed. If this holding was not correct, the district court's ruling must be reversed, and the suit allowed to proceed. Thus, the answers given by the California Supreme Court will dispose of this appeal currently pending before the Ninth Circuit. We respectfully request that the court answer the questions presented in this order.

### III.

The names and addresses of counsel are:

*For Plaintiff-Appellant Jane Doe*: Matthew D. Davis, Sara M. Peters, Andrew P. McDevitt, Walkup, Melodia, Kelly & Schoenberger, 650 California Street, 26th Floor, San Francisco, CA 94108; Tiffany J. Gates, Law Offices of Tiffany J. Gates, PMB 406, 3940 Broad Street, Suite 7, San Luis Obispo, CA 93401.

*For Defendants-Appellees Uber Technologies, Inc., Rasier, LLC, and Rasier CA, LLC*: Julie L. Hussey, Perkins Coie LLP, 11452 El Camino Real, Suite 300, San Diego, CA 92130; Gregory F. Miller, Perkins Coie LLP, 1201 Third Avenue, Suite 4900, Seattle, WA 98101.

Plaintiff-Appellant Jane Doe should be deemed the petitioner if the California Supreme Court agrees to consider these questions. *See* Cal. R. Ct. 8.548(b)(1).

IV.

The Clerk of this court is hereby directed to file in the California Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of record, and an original and ten copies of the request with a certification of service on the parties, pursuant to California Rules of Court 8.548(c) and (d).

This case is withdrawn from submission. Further proceedings in this case before our court are stayed pending final action by the California Supreme Court. The Clerk is directed to administratively close this docket, pending further order. The parties shall notify this court within fourteen days of the California Supreme Court's acceptance or rejection of certification and, if certification is accepted, within fourteen days of the California Supreme Court's issuance of a decision.

IT IS SO ORDERED.